Major Adolph H. KNEHANS, Jr.,
Plaintiff,

v.

Howard H. CALLAWAY,* Secretary
of the Army, Defendant.

Civ. A. No. 1978–73.

United States District Court,
District of Columbia.

Nov. 12, 1975.

* After the institution of this suit Martin R. Hoffman became the Secretary of the Army. Pursuant to Rule 25(d), F.R.C.P., Hoffman is automatically substituted as a party.

Joan Goldberg, New York City, Marshall S. Sinick, Washington, D. C., for plaintiff.

Michael A. Katz, Asst. U. S. Atty., Washington, D. C., for defendant; Fitzhugh L. Godwin, Jr., Captain, J. A. G. C., Dept. of the Army, Washington, D. C., of counsel.

## MEMORANDUM AND ORDER

WILLIAM B. JONES, Chief Judge.

Plaintiff, formerly a Major in the regular Army, brought this action on October 30, 1973, to prevent his imminent honorable discharge from the Army. Prior to filing suit, plaintiff had twice been passed over for promotion by Selection Boards. By statute, a commissioned officer who has been passed over for promotion by two consecutive Selection Boards shall, if not eligible for retirement, be honorably discharged within seven months of the date that the Secretary approves the action of the second Selection Board. 10 U.S.C. § 3303(d) (1970). Accordingly, plaintiff was ordered discharged on November 1, 1973.

Plaintiff's personnel file, when presented to both boards, was admittedly defective. Specifically, the file (1) contained a negative Officer Efficiency Report (OER) which was invalid, (2) did not contain several letters of recommendation and appreciation which plaintiff contends should have been included in his file, and (3) exhibited several letters of recommendation in the file which had not been stamped by the second Selection Board, which leads plaintiff to conclude that the second Selection Board did not consider those letters. On September 17, 1973, the Army voided and removed the negative OER from plaintiff's file, since plaintiff had not served under the supervision of the rating officer for the required 90 days. On October 2, 1973, the Army determined that removal of the negative OER constituted a "material change" in plaintiff's file, and accordingly referred his case to the Army Standby Advisory Board.[1] The Standby Advisory Board failed to recommend plaintiff for promotion on October 25, 1973.

This court denied plaintiff's application for a temporary restraining order on October 30, 1973, and then on April 18, 1974, remanded the case to the Army Board for the Correction of Military Records (ABCMR),[2] so that plaintiff could properly exhaust his administrative remedies. On November 6, 1974, the ABCMR "determined that insufficient evidence has been presented to indicate probable material error or injustice," and denied plaintiff's application for relief. Presently before the court are Cross-Motions for Summary Judgment.

Plaintiff alleges several errors. First, he maintains that he was statutorily entitled to consideration by two Selection Boards, that consideration by the Selection Boards based upon a deficient file does not constitute the consideration to

1. The Army Standby Advisory Board is not a statutory board, as are the Selection Boards. The Standby Advisory Board was created by Army Regulation 624–100, ¶ 18(b), to afford promotion reconsideration "only in those cases where material error was present in the records of an officer when reviewed by a selection board."

2. The ABCMR was created pursuant to 10 U.S.C. § 1552(a) (1970). See 32 C.F.R. § 581.3 (1975).

which he is entitled, and therefore that his discharge violates due process of law. Moreover, plaintiff contends that the failure of the Selection Boards, the Standby Advisory Board, and the ABCMR, to provide him with a prior hearing violates the due process clause of the Fifth Amendment. Defendant, on the other hand, contends that this court has no jurisdiction to review the actions of the Army which plaintiff complains of, and even if the court does have jurisdiction, it must uphold the finding of the ABCMR, since that action was not arbitrary and capricious. Finally, defendant argues that plaintiff has no recognized property or liberty interest in continued employment in the regular army, and therefore the due process clause does not apply to his discharge.

## JURISDICTION

■ It is clear that this court has jurisdiction over plaintiff's complaint. Plaintiff alleges that the defendant violated 10 U.S.C. § 3303 and his own regulations by permitting the Selection Boards to pass on his promotion based upon a defective file, and further that he violated the Fifth Amendment by not affording plaintiff a hearing before the various boards. Courts will not hesitate to review military action allegedly contrary to statute or regulation. *See Harmon v. Brucker,* 355 U.S. 579, 581–82, 78 S.Ct. 433, 2 L.Ed.2d 503 (1958); *Hodges v. Callaway,* 499 F.2d 417, 419 n. 2 (5th Cir. 1974); *Peavy v. Warner,* 493 F.2d 748, 750 (5th Cir. 1974); *Denton v. Secretary of Air Force,* 483 F.2d 21, 24–25 (9th Cir. 1973); *United States ex rel. Sledjeski v. Commanding Officer,* 478 F.2d 1147, 1150 (2d Cir. 1973). Moreover, while courts have made clear that they are not in the "promotion business," they have reviewed allegations that actions of Selection Boards in denying promotion have been procedurally irregular. *See Yee v. Unit-*

*ed States,* 512 F.2d 1383, 1387 (Ct.Cl. 1975); *Brenner v. United States,* 202 Ct.Cl. 678, 693 (1973); *Weiss v. United States,* 408 F.2d 416, 418, 187 Ct.Cl. 1 (1969); *Ricker v. United States,* 396 F. 2d 454, 457, 184 Ct.Cl. 402 (1968). Finally, this court has jurisdiction over plaintiff's constitutional claim. *See Mindes v. Seaman,* 453 F.2d 197 (5th Cir. 1971).

## MERITS

■ Defendant has admitted that the invalid OER should not have been placed in plaintiff's file for consideration by the Selection Boards. Exhibit B at 10–11, Exhibit C at 22 to Defendant's Memorandum in Support of Motion to Dismiss, or in the Alternative for Summary Judgment. As a result, he directed the Standby Advisory Board to review the decisions of the Selection Boards. Neither the failure to include in plaintiff's file letters of commendation, nor the alleged failure of the second Selection Board to consider certain letters of commendation in his file, were stated as bases for assignment of the case to the Standby Advisory Board. Plaintiff, however, has pointed to no regulation requiring the Selection Board to stamp letters of commendation as an indication of consideration. In the absence of adequate proof to the contrary, the court will assume, that the Selection Boards considered all the material in plaintiff's file. *See Brenner v. United States,* 202 Ct.Cl. 678, 690, 692 (1973). Further, the court will assume without deciding that failure to include certain letters of commendation in plaintiff's file violated army regulations.[3] See footnote 4, *infra.* The first question before the court, therefore, is whether plaintiff is now entitled to reconsideration by two Selection Boards based upon a properly constituted file, in light of the fact that his file as presented to the prior two Selection Boards was constituted in violation of army regulations.

---

3. Army Regulation 624–100, ¶ 16(d) outlines procedures for inclusion of letters of commendation in an officer's file.

■ The thrust of plaintiff's argument is directed to the allegedly illegal actions of the Selection Boards. What plaintiff fails to recognize, however, is that the ABCMR is a vital part of the promotion apparatus established by Congress. 10 U.S.C. § 1552(a) authorizes the Secretary of the Army "acting through boards of civilians of the executive part of that military department," to "correct any military record of that department when he considers it necessary to correct an error or remove an injustice." The Secretary may award back pay "if, as a result of correcting a record under this section, the amount is found to be due the claimant." 10 U.S.C. § 1552(c) (1970). Finally, "without regard to qualifications for reenlistment, or appointment or reappointment, the Secretary concerned may reenlist a person in, or appoint or reappoint him to, the grade to which payments under this section relate." 10 U.S.C. § 1552(d) (1970). Thus, Congress provided, at the Secretary's discretion, both an internal review of actions of Selection Boards and a comprehensive set of remedies. There is nothing to indicate that Congress contemplated that the ABCMR could not act through the Secretary to correct a failure by Selection Boards to follow Army regulations. Therefore, this court must agree with the Fifth Circuit that:

It seems quite clear to us that the ABCMR can, if it determines that [plaintiff] has been illegally discharged, grant him full reinstatement and restoration of all rights, thus in effect making him whole for any injury he might suffer from a wrongful discharge. *Hodges v. Callaway*, 499 F.2d 417, 422 (5th Cir. 1974).

Thus, in order to grant plaintiff's requested relief, it is not enough to find that the Selection Boards violated Army regulations; the plaintiff must further show that the ABCMR acted arbitrarily and capriciously in failing to correct the error of the Selection Boards. *See Yee*

*v. United States*, 512 F.2d 1383 (Ct.Cl. 1975).

In *Weiss v. United States*, 408 F.2d 416, 187 Ct.Cl. 1 (1969), Weiss was discharged from the Navy after a Selection Board found that he had performed unsatisfactorily and would perform unsatisfactorily in a higher grade. In his file was a letter of reprimand and an unsatisfactory fitness report issued after an investigation into his alleged black market activities in the Philippines. All fitness reports prior and subsequent to the unsatisfactory report were said to be "outstanding," save one. According to Navy regulations, Weiss was permitted to respond in his file to all adverse fitness reports. He responded to the first report, but the Selection Board met and passed on his promotion before he could respond to the second. He appealed to the Board for the Correction of Naval Records (BCNR), the statutory equivalent of the ABCMR, which recommended reversal of the Selection Board's decision and removal of the letter of reprimand and first adverse fitness report. The Secretary of the Navy overruled the BCNR.

While at issue was the Secretary's authority to reverse the BCNR, the court did discuss what is meant by "record":

The Congressional purpose would dictate that the "record" required to be furnished under that section be complete and not misleading.

. . . . . .

*The documents which are sent to a Selection Board for its consideration therefore must be substantially complete, and must fairly portray the officer's record.* If a Service Secretary place before the Board an alleged officer's record filled with prejudicial information and omits documents equally pertinent which might have mitigated the adverse impact of the prejudicial information, then the record is not complete, and it is before the Selection Board in a way other than

as the statute prescribes. We cannot endorse the way the law was complied with here . . . . 408 F.2d at 419 (emphasis added).

More recently, in *Yee v. United States*, 512 F.2d 1383 (Ct.Cl.1975), the court found the action of the Air Force Board for the Correction of Military Records (AFBCMR), in not reversing plaintiff's discharge, to be arbitrary and capricious. Yee had been discharged in 1965 for reasons of temporary physical disability caused by an automobile accident. In 1970, the Assistant Secretary found that the 1965 discharge had been an injustice, reinstated Yee, and ordered that his records be corrected. There was an unexplained five year gap in his file, however, which apparently caused a Selection Board to pass over Yee for promotion in late 1970. The AFBCMR found this to be error, and ordered this pass over to be removed from Yee's files, but gave no order to place an explanation in Yee's files as to the five year gap. Subsequently, two Selection Boards passed over him for promotion, actions which the AFBCMR upheld. The court stated:

> The AFBCMR knew in 1971 that plaintiff's name would again be submitted to a Selection Board on November 8, 1971, yet failed to insure that plaintiff's fate would not again be prejudiced by the same 5-year gap in his record. The Board further knew of the consequences of its silence when, in 1973, it reviewed plaintiff's case after two subsequent pass overs and a forced discharge. Yet the AFBCMR saw no reason to grant relief. 512 F.2d at 1388.

As a result, the court found, the AFBCMR acted arbitrarily and capriciously. The court then ordered that Yee be reinstated at his former rank with full back pay, and that his record be corrected to fully explain the gaps in his file. Egregious as was the action of the AFBCMR in permitting the Selection Boards to consider a defective file, the Court of Claims nonetheless found it to be a "close case." 512 F.2d at 1386.

■ Neither *Weiss* nor *Yee* require this court to find the ABCMR's action to be arbitrary or capricious. Most of the OER's, to be sure, are complimentary of plaintiff's performance. Complimentary language alone, however, could not support a finding by this court that the ABCMR acted arbitrarily or capriciously in not reinstating plaintiff.[4] First, the valid OERs in plaintiff's file show him to be on the same level of ability as the rest of his peers. Six of the seven OERs covering his regular army career found either the indorser, or the rater and indorser both, recommending no promotion ahead of his peers. Exhibit B, Defendant's Memorandum in Support of Motion to Dismiss or in the Alternative for Summary Judgment. The invalid OER likewise recommended no promotion ahead of his peers. Moreover, earlier in his career, plaintiff had received a similar negative report for his performance while stationed at Okinawa. Thus, even the file as defectively constituted still "fairly portrayed" plaintiff's record. *See Weiss v. United States*, 408 F.2d 416, 419, 187 Ct.Cl. 1 (1969).

On June 15, 1972, prior to the action of the second Selection Board, plaintiff was informed by the Chief of the Engineering Branch of the Corps of Engineers that the negative OER was a significant item in his file. Plaintiff cited this letter to the ABCMR to support his contention that it was on the negative OER "that the two earlier non-selection decisions were made." Exhibit A to Defendant's Memorandum in Support of Motion to Dismiss, or in the Alternative

---

4. The language in the letters of commendation which were not included in the file is no more complimentary than the language in the valid OERs. Their addition to the file, therefore, would have been merely cumulative in effect, and the ABCMR could rationally have concluded that their omission did not result in plaintiff's nonpromotion.

for Summary Judgment, at 3–4. The letter however, makes clear that the Engineering Branch "[does] not participate in any promotion board process" and further, that the Engineering Branch was discussing why it—not the Selection Board—considered the negative OER to be significant. Exhibit A, *supra,* at 10a–b.

■ The record thus does not support the contention that the two nonselection decisions were caused by the negative OER. Other reports in the file could have prompted those decisions, and plaintiff's file cannot be characterized as so outstanding that any non-promotion decision by the ABCMR would be arbitrary or capricious. In *Yee, supra,* it was quite obvious that a five year gap in an officer's file would *necessarily* require explanation before any Selection Board would consider his promotion. It is not so obvious that in the instant case the inclusion of the adverse OER and the absence of several letters of commendation would *necessarily* lead to a non-promotion decision by a Selection Board. As noted by General Putnam in his affidavit, in a postwar era, promotions traditionally slow down as the overall size of the Army is required to be reduced. Exhibit D to Defendant's Memorandum in Support of Motion to Dismiss or in the Alternative for Summary Judgment, ¶6. Plaintiff's record was very good, but it was not outstanding, and in the absence of evidence that inclusion of the negative OER necessarily caused the non-promotion decisions, this court cannot say that the ABCMR's refusal to reverse those decisions was without a rational basis.

## DUE PROCESS CONTENTIONS

Plaintiff contends that because his discharge "carries with it damage to reputation [and] loss of salary and pension," a hearing is required before the Selection Boards and the ABCMR. Plaintiff's Brief in Support of Motion for Summary Judgment at 15. Moreover, he claims that he had "the expectancy after his long period (14 years) of service that he would hold his commission until retirement age." Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment at 2. Plaintiff thus attempts to establish that he has sufficient liberty and property interests to trigger application of the due process clause to his discharge. *See Board of Regents v. Roth,* 408 U.S. 564, 572, 576, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

In *Roth, supra,* the Supreme Court delineated standards for determining whether a plaintiff possesses a sufficient property interest to require protection of the due process clause:

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. 408 U.S. at 577, 92 S.Ct. at 2709.

■ Plaintiff's expectation that he would serve until retirement finds no support in the statute or regulations of the Army. 10 U.S.C. § 3303 clearly states that an officer twice passed over for promotion "shall . . . be honorably discharged." Nowhere does the statute indicate that every commissioned officer can expect to serve until retirement. Thus, if plaintiff had such an expectation, it was, in the words of *Roth,* "unilateral," and not a property interest within the meaning of the due process clause. As the Fifth Circuit concluded in a case similar to this case, "One cannot create for himself a property by proclaiming its existence." *Sims v. Fox,* 505 F.2d 857, 862 (5th Cir. 1974) (en banc).

■ Nor is there sufficient liberty interest to require a due process hearing. Plaintiff has been granted an honorable discharge, the basis of which cannot be disclosed except upon request by

the plaintiff, if he takes certain steps to ensure such non-disclosure. AR 635–5. In *Sims, supra,* an Air Force procedure similar to the Army procedure was dispositive of the issue whether plaintiff had a sufficient liberty interest in continued employment. 505 F.2d at 862–64. "The mere presence of derogatory information in confidential files is not an infringement of 'liberty.'" 505 F.2d at 863. Moreover, plaintiff's discharge is described by AR 635–5 as "Involuntary Discharge—Failure of selection for permanent promotion—commissioned officers." This is no more "stigmatizing"—if it is stigmatizing at all—than nonretention for employment, which the Supreme Court in *Roth* found to be non-stigmatizing. 408 U.S. at 574 n. 13, 92 S.Ct. 2701. No proof has been offered by plaintiff to support his alleged "loss of reputation," so this court need not decide whether loss of reputation, standing alone, would require application of the due process clause to plaintiff's discharge.

Finally, Army regulations do not require the ABCMR to hold a hearing on all applications for relief. Whether a hearing will be held is in the discretion of the ABCMR. 32 C.F.R. § 581.3(c)(5) (1975). Since the regulations do not provide for a hearing, plaintiff is not entitled to one, unless the denial of a hearing is arbitrary or contrary to law. *Amato v. Chafee,* 337 F. Supp. 1214, 1219 (D.D.C.1972). This court has already determined that the final decision of the ABCMR was not arbitrary or capricious, and therefore the denial of a hearing was not arbitrary or contrary to law.

This court therefore holds that plaintiff had no right to a hearing before either the Selection Boards or the ABCMR.[5]

In light of the foregoing, and without a hearing pursuant to Local Rule 1–

9(e), it is this 12th day of November, 1975

Ordered, that Defendant's Motion to Dismiss, or in the Alternative for Summary Judgment be and the same hereby is granted, and

Further ordered, that plaintiff's Cross-Motion for Summary Judgment be and the same hereby is denied.

---

5. Plaintiff's argument that he was denied due process of law by the failure of the Army to grant him an appeal is patently frivolous,

both on the facts and the law. *See Griffin v. Illinois,* 351 U.S. 12, 18, 76 S.Ct. 585, 100 L.Ed. 891 (1956).