**Captain John W. WHITEHEAD, Jr., Plaintiff,**

v.

**Honorable Clifford ALEXANDER, Secretary of the Army, Defendant.**

**Civ. A. No. 75–1959.**

United States District Court, District of Columbia.

July 27, 1977.

Donald H. Dalton, Washington, D. C., for plaintiff.

Earl J. Silbert, U. S. Atty., Robert N. Ford, George A. Stohner, Asst. U. S. Attys., L. Neal Ellis, William A. McNatt, Captains JAGC, Washington, D. C., for defendant.

## MEMORANDUM

WADDY, District Judge.

Plaintiff, Captain John W. Whitehead, Jr., is a United States Army Reserve Officer who has been released from active duty pursuant to Army Regulations (AR) 635–100 by reason of two consecutive non-selections for promotion to the next higher rank. Defendant is Clifford Alexander, Secretary of the Army.[1]

The Complaint broadly alleges that various actions on the part of defendant and the Army Board for Correction of Military Records (ABCMR) leading to plaintiff's mandatory release from active duty were arbitrary, capricious, an abuse of discretion or otherwise contrary to law. The case is now before the Court on cross-motions for summary judgment.

Plaintiff was in the primary zone for consideration and was considered, but not recommended for promotion to the temporary rank of Major by Promotion Selection Boards convened on April 10, 1974 and May 20, 1975. Neither of these Promotion Selection Boards included Reserve Officer membership as required by 10 U.S.C. § 266 and AR 624–100.

Plaintiff appealed his non-selections for promotion to the ABCMR, alleging various irregularities in the promotion selection process, including the allegation that the 1974 and 1975 Promotion Selection Boards had been improperly constituted because Reserve Officers were not included as members thereof. While his appeal was pending, plaintiff received notification of his release from active duty and filed this action for declaratory and injunctive relief. Simultaneously, plaintiff moved for a preliminary injunction to prevent his release from active duty. This Court denied that motion and stayed the action pending plaintiff's exhaustion of administrative remedies before the ABCMR. *Sohm v. Fowler*, 124 U.S.App.D.C. 382, 365 F.2d 915 (1966).

---

1. Clifford Alexander is substituted as the defendant herein pursuant to Federal Rule of Civil Procedure 25(d)(1).

Following a full hearing, the ABCMR rendered an interim decision denying relief based on each of plaintiff's allegations except the claim that the 1974 and 1975 Selection Boards had been improperly constituted, and recommended that Reconstituted Boards be convened to reconsider all officers who were within the primary zone for promotion to Major (AUS) in both 1974 and 1975. Those recommendations were approved by the Secretary and implemented. Plaintiff was again considered, but not recommended for promotion by the Reconstituted 1974 and 1975 Selection Boards. Finding that plaintiff would not have been selected for promotion even if the original Selection Boards had contained Reserve Officer membership, the ABCMR denied plaintiff's requested relief. That decision was subsequently approved by the Secretary.

Thereafter, his administrative remedies having been exhausted, plaintiff filed this motion for summary judgment and defendant filed his cross-motion thereto.

Despite the various and lengthy allegations raised in his Complaint, plaintiff's motion for summary judgment is grounded upon the narrow contention that the decisions resulting in plaintiff's mandatory release from active duty should be declared arbitrary, capricious or otherwise not in accordance with law because the original 1974 and 1975 Promotion Selection Boards were improperly constituted.

Defendant contends that plaintiff has shown no prejudice by reason of the composition defect. It is asserted that the lack of Reserve Officer membership in the original 1974 and 1975 Promotion Selection Boards was harmless procedural error as shown by the failure of the Reconstituted 1974 and 1975 Selection Boards to recommend plaintiff for promotion.

For the reasons set forth in the Memorandum Opinion filed by this Court in *Dilley v. Alexander*, 440 F.Supp. 375, this Court is of the opinion that the narrow rule of law articulated in *Henderson v. United States*, 175 Ct.Cl. 690 (1966), *cert. denied*, 386 U.S. 1016, 87 S.Ct. 1373, 18 L.Ed.2d 455 (1967), and relied upon by plaintiff herein, should not be expanded in this case, and that the procedures utilized by the ABCMR, with approval of the Secretary, were reasonable and appropriate in light of the circumstances. *See Colm v. Kissinger*, 406 F.Supp. 1250 (D.D.C.1975) and *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Accordingly, having failed to show that the composition error "*necessarily* [led] to a non-promotion decision*," plaintiff is not entitled to judgment as a matter of law. *Knehans v. Callaway*, 403 F.Supp. 290, 296 (D.D.C.1975) (emphasis in original).[2]

Plaintiff has further contended that the Secretary did not have authority under 10 U.S.C. § 1552 to order the convening of the Reconstituted Selection Boards.[3] The Court notes, however, that the Complaint herein expressly prayed for an order directing the Secretary

. . . to reconvene the original [1974] Selection Board and to submit to it the original Letter of Instruction with any such modification that the court deems appropraite [sic] together with those records and other data originally before it, and none other, for the Board to recommend him again with those officers whom it considers "best qualified" pursuant to the criteria and records before it . . . . Complaint at 14, ¶ 5.

Notwithstanding plaintiff's prayer, this Court finds nothing improper in the Secretary's decision to implement the ABCMR's interim recommendations and reconstitute

---

2. A similar conclusion was reached by Chief Judge Elliott in *Jones v. Alexander*, Civil Action No. 77–10–COL (M.D.Ga., May 20, 1977).

3. 10 U.S.C. § 1552(a) reads in relevant part: "The Secretary of a military department, under procedures established by him and approved by the Secretary of Defense, and acting through boards of civilians of the executive part of that military department, may correct any military record of that department when he considers it necessary to correct an error or remove an injustice . . . ."

the original 1974 and 1975 Selection Boards. Moreover, the procedures employed in connection therewith, for the reasons indicated above, were in accordance with law.

Accordingly, this Court concludes that the decision of the ABCMR, and the Secretary's approval thereof, to deny plaintiff's requested relief was not arbitrary, capricious, unsupported by evidence or contrary to law and regulations. *Nolen v. Rumsfeld*, 535 F.2d 888 (5th Cir. 1976).

There being no genuine issue of material fact, defendant is entitled to judgment as a matter of law. Plaintiff's motion for summary judgment will be denied and defendant's cross-motion will be granted.