Michael F. DILLEY et al., Plaintiffs,

v.

Clifford ALEXANDER et al., Defendants.

Raymond W. FONTAINE et al., Plaintiffs,

v.

Clifford ALEXANDER et al., Defendants.

Milton D. O'QUINN, Captain, Plaintiff,

v.

Clifford ALEXANDER, Defendant.

Russell A. POWELL, Major, Plaintiff,

v.

Clifford ALEXANDER, Defendant.

Civ. A. Nos. 77–0007, 77–0008, 77–0142 and 77–0143.

United States District Court, District of Columbia.

July 27, 1977.

Keith A. Rosenberg, Rockville, Md., for plaintiffs.

Earl J. Silbert, U. S. Atty., Robert N. Ford, George A. Stohner, Asst. U. S. Attys., L. Neal Ellis, William A. McNutt, Captains JAGC, Washington, D. C., for defendants.

## MEMORANDUM OPINION

WADDY, District Judge.

These consolidated cases came on before the Court on June 8, 1977, for a hearing on defendants' motion filed in all four cases for summary judgment and plaintiffs' cross-motion thereto. Plaintiffs are Reserve Officers of the United States Army holding ranks of Major and Captain who have been, or will be, released from active duty pursuant to Army Regulations (AR) 624–100 and 635–100 by reason of two non-selections by Promotion Selection Boards convened in 1975 and 1976 for temporary promotion to the next higher grade. Defendants are Clifford Alexander, Secretary of the Army,[1] and the United States of America.

Alleging various defects in the promotion selection process, plaintiffs applied to the Army Board for Correction of Military Records (ABCMR) requesting that their records be corrected to eliminate the non-selection by the 1975 Selection Boards. Following an administrative review and hearing, the ABCMR issued initial findings and conclusions rejecting all of plaintiffs' allegations except the contention that the 1975 Selection Boards were improperly constituted because they did not include Reserve Officer membership. As to this contention, the ABCMR made a preliminary determination that

> . . . it is apparent that the absence of Reservists from the . . . 1975 Selection Board may have deprived [plaintiffs] of consideration in a manner intended, that although the applicants have not shown that they have been harmed because there was no Reserve Officer on the Board, the failure to have a Reserve Officer as a member of the Selection Board raises some doubt as to whether the applicants were accorded proper consideration for promotion . . .
> Record at 27.

As a means of resolving that doubt it recommended that the Secretary reconstitute the 1975 Boards with the proper mem-

---

1. Clifford Alexander is substituted as a defendant pursuant to Fed.R.Civ.P. 25(d)(1).

bership and that plaintiffs be reconsidered for promotion by such Reconstituted Boards. The Secretary approved the ABCMR's recommendations and in accordance with those recommendations "Reconstituted Boards"[2] were convened during the summer of 1976 to reconsider plaintiffs for temporary promotions. Before these Reconstituted Boards were convened, however, plaintiffs had been considered, but not selected by appropriate and duly constituted 1976 Temporary Promotion Selection Boards.

Plaintiffs were again not selected for promotion by the 1975 Reconstituted Boards. After considering the results of the 1975 Reconstituted Boards, the ABCMR concluded that it was " . . . reasonable to presume that had [plaintiffs] been considered by properly constituted boards, they would not have been selected for promotion" and that plaintiffs' non-selections by the original 1975 Selection Boards were "neither erroneous nor unjust." Exhibit C to the Complaints; Record at IX–CXXXIII. The ABCMR thereupon rendered its final decision denying plaintiffs' application.

The final decision of the ABCMR was approved by the Secretary and plaintiffs were thereafter individually notified by form letter that they would be terminated from active duty 90 days from receipt of notification. These consolidated actions were then filed seeking declaratory and injunctive relief. On January 31, 1977, the Court denied plaintiffs' motion for a preliminary injunction which sought to prevent their scheduled releases from active duty.

The parties agree that the appropriate standard of review in these cases now before the Court on cross-motions for summary judgment is whether the ABCMR's decision and the action of the Secretary thereon were arbitrary, capricious, unsupported by substantial evidence or contrary to law and regulations. *Nolen v. Rumsfeld*, 535 F.2d 888 (5th Cir. 1976).

Plaintiffs have raised several independent arguments in support of their motion for summary judgment. The Court must focus first, however, on plaintiffs' threshold contention that the original 1975 Selection Boards had no jurisdiction to issue non-selections for the purpose of release from active duty because the composition of those Boards did not comply with statutory and regulatory mandates. It is contended that the actions of the original 1975 Selection Boards were void *ab initio* and not subject to retroactive validation by subsequent actions taken by the 1975 Reconstituted Boards. Plaintiffs assert that they need not attempt to show specific harm or prejudice resulting from the improper composition in order to prevail on the merits.

Plaintiffs rely on two Court of Claims cases in support of their contention that the original 1975 Selection Boards were without jurisdiction: *Henderson v. United States*, 175 Ct.Cl. 690 (1966), *cert. denied*, 386 U.S. 1016, 87 S.Ct. 1373, 18 L.Ed.2d 455 (1967), and *Ricker v. United States*, 396 F.2d 454, 184 Ct.Cl. 402 (1968).

In *Henderson*, one of the voting members of an Air Force Faculty Board convened for the purpose of determining whether petitioner should be dropped from a pilot training program was junior in rank to petitioner in direct violation of mandatory Air Force regulations. Plaintiff filed suit to recover back pay and allowances. The Court of Claims ruled in favor of plaintiff, finding that the Faculty Board was without jurisdiction to hear plaintiff's case and its proceedings void *ab initio*, and that the Correction Board's denial of plaintiff's application for relief was arbitrary. 175 Ct.Cl. at 701–702.

Similarly, in *Ricker*, a member of a Navy Continuation Board had been a member of that Board the previous year, although pursuant to the Hump Act, no officer was to serve on two consecutive boards. *See* 10 U.S.C. § 5702. Plaintiffs sued for the difference between their retired pay and ac-

---

2. Defendants refer to these boards as "Relook" or "Mirror" Boards, and characterize them as being purely advisory in nature.

tive duty pay. Finding that the legality of the composition of a military board affects substantial rights of military men, the Court held this violation of a statutory mandate rendered the continuation proceedings fatally defective. 396 F.2d at 457.

Defendants concede that the original 1975 Selection Boards did not have Reserve Officers as members and were therefore improperly constituted.[3] They contend, however, that the decision of the ABCMR to deny plaintiffs relief and the Secretary's action thereon must be upheld because the advisory Reconstituted Boards demonstrated that plaintiffs would not have been promoted even if Reserve Officers had been included as members of the original 1975 Boards, and that therefore, the composition error was harmless. Relying on *Knehans v. Callaway*, 403 F.Supp. 290 (D.D.C.1975), defendants contend that plaintiffs have failed to show the composition error "*necessarily* [led] to a non-promotion decision." 403 F.Supp. at 296 (emphasis in original). It is further asserted that under *Colm v. Kissinger*, 406 F.Supp. 1250 (D.D.C.1975), and *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), the ABCMR's advisory use of the Reconstituted Boards was an appropriate method for determining whether the composition error was prejudicial.

The Court agrees with defendants that this issue cannot be adequately resolved without considering whether the composition defect was prejudicial and therefore declines to expand the narrow rule of law articulated in *Henderson, supra,* and *Ricker, supra,* absent any showing of prejudice and without regard to the factual circumstances of these cases.

Inasmuch as these consolidated cases are distinguishable from *Henderson* and *Ricker*, analysis should not, as plaintiffs contend, begin and end with the composi-

tion of the original 1975 Selection Boards. Here, recognizing that applicable statutes and regulations had not been complied with, the Secretary issued a directive providing that Reconstituted Boards, which were to include members of the Reserves, were to reconsider all officers within the primary zone for promotion to Lieutenant Colonel (AUS) and Major (AUS) in 1975 for the purpose of determining whether or not the composition error resulted in prejudice. When the Reconstituted Boards convened in the summer of 1976, they utilized the same criteria which had applied to the original 1975 Selection Boards. No similar steps were ever undertaken in either *Henderson* or *Ricker*.

The ABCMR proceeded to award full relief to those officers selected for promotion by the Reconstituted Boards,[4] and denied relief to those officers, including plaintiffs, who were not selected, concluding that their non-selections by the original 1975 Selection Boards were "neither erroneous nor unjust."

In *Colm v. Kissinger, supra,* two foreign service officers challenged their involuntary retirements resulting from selection-out procedures. Although the Court in *Colm* declined to grant relief for reasons not relevant to these cases, the Court recognized that one method of rectifying procedural defects and determining whether the defect in a promotion process caused prejudice is to reconstitute the original selection board. 406 F.Supp. at 1256.

Defendants' "but for" approach to these cases under *Knehans v. Callaway, supra,* is further strengthened by the Supreme Court's recent decision in *Mt. Healthy City School District Board of Education v. Doyle, supra.* In that case a school teacher was not re-hired because, in part, of conduct the Court considered protected by the First Amendment. The Court remanded

---

3. Under applicable statutes and Army regulations, it is clear that membership in Selection Boards shall, where practicable, include at least one Reserve Officer. *See* 10 U.S.C. §§ 266, 277; AR 624–100; and Department of Defense Instruction No. 1205.4 (June 23, 1959).

4. Some officers who had not been selected by the original 1975 Boards were selected by the Reconstituted Boards.

for the purpose of affording the School Board the opportunity to prove that plaintiff therein would not have been re-hired, even in the absence of the protected First Amendment conduct. 429 U.S. at 287, 97 S.Ct. at 576.

Having discovered a procedural irregularity in the 1975 promotion selection process, the ABCMR, with Secretarial approval, took reasonable and appropriate steps to determine whether any officers had been prejudiced by that error, and awarded appropriate full relief in those cases in which prejudice was found to exist.

█ Plaintiffs herein have shown no prejudice by reason of the composition error, and it is not so obvious that the composition defect necessarily led to the non-promotion decision that the ABCMR should be reversed. *Knehans v. Callaway, supra.* Courts have long expressed the concern that decisions of agencies should not be reversed for error that is not prejudicial. *Braniff Airways, Inc. v. Civil Aeronautics Board,* 126 U.S.App.D.C. 399, 379 F.2d 453 (1967).

Accordingly, the Court concludes that the decision of the ABCMR, and the Secretary's approval thereof, to deny plaintiffs' relief on the grounds the original 1975 Selection Boards were improperly constituted after reconstituting the 1975 Selection Boards for the purpose of determining the existence of prejudice, was not arbitrary, capricious or contrary to law.[5]

Plaintiffs further contend that with respect to both the original and the Reconstituted 1975 Selection Boards, there was an improper reservation of 15 percent of the number of promotion vacancies for members of the secondary zone, and that with respect to the *Fontaine* plaintiffs, Civil Action No. 77–0008, and the *Powell* plaintiffs, Civil Action No. 77–0143, neither of these Boards made the proper factual findings. Plaintiffs also assert that the Secretary's failure to void the original 1975 non-selections resulted in a material error being present in plaintiffs' records before the 1976 Selection Boards. The record indicates that the ABCMR fully considered each of these allegations and declined to grant relief thereon. The Court has likewise considered those allegations, and upon review of the record herein, concludes that the ABCMR's decision, and the action of the Secretary thereon, were not arbitrary, capricious, unsupported by substantial evidence or contrary to law and regulation. *Nolen v. Rumsfeld, supra.*

█ Plaintiffs' final contention, that the action of defendants in not requiring a showing of harm by others similarly situated upon the same issues deprives them of equal protection under the Fifth Amendment, grows out of the settlement of the case of *Mary M. Sliman v. United States,* 553 F.2d 104 (Ct.Cl.1976). This Court believes that plaintiffs' attempts to manufacture an equal protection claim are without merit inasmuch as the compromise of a disputed claim by acceptance or offering of money payment is not a concession of the legal merits of the case. *See Autera v. Robinson,* 136 U.S.App.D.C. 216, 419 F.2d 1197 (1969). Moreover, the *Sliman* action was a separate and factually distinct case, the only common issue being whether Reserve Officers should have been included as members of the respective promotion boards.

Wherefore, upon consideration of the foregoing, and it appearing to the Court that there is no genuine issue as to any material fact, defendants' motion for summary judgment filed in these four consolidated cases will be granted, and plaintiffs' cross-motion will be denied in each case.

---

**5.** A similar conclusion was reached by Chief Judge Elliott in *Jones v. Alexander,* Civil Action No. 77–10–COL (M.D.Ga., May 20, 1977).