Major Christopher FULLER, Plaintiff,

v.

Honorable Clifford ALEXANDER, Jr., Secretary of the Army, Defendant.

Civ. A. No. 75–1590.

United States District Court, District of Columbia.

July 27, 1977.

Donald H. Dalton, Washington, D. C., for plaintiff.

Earl J. Silbert, U. S. Atty., Robert N. Ford, George A. Stohner, Asst. U. S. Attys., L. Neal Ellis and William A. McNutt, Capts. JAGC, Washington, D. C., for defendant.

MEMORANDUM

WADDY, District Judge.

Plaintiff, Christopher L. Fuller, is a United States Army Reserve Officer who has been released from active duty pursuant to Army Regulation (AR) 635–100, as amended May 19, 1975, by reason of two consecutive non-selections for promotion in 1974

and 1975 to the rank of Lieutenant Colonel. Defendant is Clifford L. Alexander, Jr., Secretary of the Army.[1]

On September 26, 1975, plaintiff filed his Complaint and a motion for preliminary injunction to prevent his scheduled release from active duty. He challenged alleged defects in the promotion selection process, primarily alleging that the May 19, 1975, amendment to AR 635–100 was retroactive and therefore illegal, and that defendant had violated AR 624–100, ¶ 22(b) by allowing promotion of a greater proportion of officers with a date of rank later than plaintiff's than that regulation permits.

Inasmuch as plaintiff had not exhausted his administrative remedies before the Army Board for Correction of Military Records (ABCMR) on all of the issues raised by his Complaint, this Court, on October 28, 1975, denied plaintiff's motion for preliminary injunction and stayed the action pending exhaustion of administrative remedies. *See Sohm v. Fowler,* 124 U.S.App.D.C. 382, 365 F.2d 915 (1966).

Thereafter, in November, 1975, plaintiff joined with other similarly situated Reserve Officers whose applications for relief based on these same (and some additional) grounds were already pending before the ABCMR.

Following an administrative review and hearing, the ABCMR issued initial findings and conclusions rejecting all of plaintiff's allegations except the contention that the 1974 and 1975 Promotion Selection Boards were improperly constituted because they did not include Reserve Officer membership.[2] The ABCMR recommended that Reconstituted Boards be convened to reconsider all officers who were within the primary zone for promotion to Lieutenant Colonel (AUS) in both 1974 and 1975. Following approval by the Secretary, that recommendation was implemented and Reconstituted Selection Boards, made up of entirely new membership and including Reserve Officers, were convened. Plaintiff was again considered, but not selected for promotion by the Reconstituted 1974 and 1975 Selection Boards.

Finding that plaintiff would not have been selected for promotion even if the original 1974 and 1975 Promotion Selection Boards had contained Reserve Officer membership, the ABCMR denied plaintiff's requested relief. That decision was subsequently approved by the Secretary.

Thereafter, his administrative remedies having been exhausted, plaintiff filed this pending motion for summary judgment, and defendant filed a cross-motion thereto.

▪ The parties agree that the appropriate standard of review is whether the ABCMR's decision in denying plaintiff's requested relief, and the action of the Secretary thereon, were arbitrary, capricious, unsupported by substantial evidence, or contrary to law and regulations. *Nolen v. Rumsfeld,* 535 F.2d 888 (5th Cir. 1976).

In support of his motion for summary judgment, plaintiff advances only three arguments:[3] (1) that the failure to include Reserve Officers as members of the original 1974 and 1975 Promotion Selection Boards violated 10 U.S.C. § 266 and AR 624–100; (2) that the Secretary did not have authority to order the convening of Reconstituted Selection Boards under 10 U.S.C. § 1552(a);[4] and (3) that the ABCMR did not

---

1. Clifford L. Alexander, Jr., is substituted as a defendant pursuant to Federal Rules of Civil Procedure 25(d)(1).

2. Under applicable statutes and Army Regulations, it is clear that membership in Selection Boards shall, where practicable, include at least one Reserve Officer. *See* 10 U.S.C. §§ 266, 277; AR 624–100; and Department of Defense Instruction No. 1205.4 (June 23, 1959).

3. Plaintiff has apparently abandoned the other allegations raised in his Original and Amended Complaints.

4. Section 1552(a) of Title 10, United States Code, provides in relevant part: "The Secretary of a military department, under procedures established by him and approved by the Secretary of Defense, and acting through boards of civilians of the executive part of that military department, may correct any military

impartially consider plaintiff's record as required by AR 624–100 because that record contained over 25 material and serious errors.

■ Plaintiff did not, however, allege violations of applicable statutes and regulations by reason of defendant's failure to include Reserve Officers on the original 1974 and 1975 Promotion Selection Boards in his Complaint. Accordingly, at the hearing on these cross-motions for summary judgment, the Court inquired of plaintiff whether he wished to so amend his Complaint and granted plaintiff's oral motion for leave to file an appropriate motion. On July 6, 1977, plaintiff filed a motion for leave to amend his complaint, and, defendant having filed no opposition thereto, plaintiff's motion will be granted.

Defendant contends that plaintiff has shown no prejudice by reason of the composition defect in the original 1974 and 1975 Promotion Selection Boards, and asserts that the lack of Reserve Officer membership on those Selection Boards was harmless procedural error as shown by the failure of the Reconstituted 1974 and 1975 Selection Boards to recommend plaintiff for promotion.

It is further contended that the Secretary did not exceed his authority under 10 U.S.C. § 1552(a) in ordering that the original 1974 and 1975 Promotion Selection Boards be reconstituted and that plaintiff be reconsidered for promotion by such Reconstituted Boards.

■ For the reasons set forth in the Memorandum Opinion filed by this Court in *Dilley v. Alexander*, 440 F.Supp. 375, this Court is of the opinion that the narrow rule of law articulated in *Henderson v. United States*, 175 Ct.Cl. 690 (1966), *cert. denied*, 386 U.S. 1016, 87 S.Ct. 1373, 18 L.Ed.2d 455 (1967), and relied upon by plaintiff herein, should not be expanded in this case, and that the procedures utilized by the ABCMR, and approved by the Secretary, were rea-

sonable and appropriate in light of the circumstances. *See Colm v. Kissinger*, 406 F.Supp. 1250 (D.D.C.1975) and *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Accordingly, having failed to show that the composition error "*necessarily* [led] to a non-promotion decision," plaintiff is not entitled to judgment. *Knehans v. Callaway*, 403 F.Supp. 290, 296 (D.D.C. 1975) (emphasis in original).[5]

This Court further concludes that there was nothing improper either in defendant's decision to implement the ABCMR's interim recommendations and reconstitute the original 1974 and 1975 Promotion Selection Boards, or in the procedures employed in connection therewith.

■ Finally, this Court finds nothing in the record to substantiate plaintiff's contention that his records were materially in error when reviewed by the Promotion Selection Boards, or that the ABCMR's failure to correct those records or relieve him of the promotion non-selections was in any way unlawful.

Therefore, this Court concludes that the actions and decisions of the ABCMR, and the Secretary's approval thereof, were not arbitrary, capricious, unsupported by substantial evidence or otherwise not in accordance with applicable law and Army regulations.

There being no genuine issue as to any material fact, defendant is entitled to judgment as a matter of law. Plaintiff's motion for summary judgment will be denied; defendant's cross-motion for summary judgment will be granted.

---

records of that department when he considers it necessary to correct an error or remove an injustice . . . ."

5. A similar conclusion was reached by Chief Judge Elliott in *Jones v. Alexander*, Civil Action No. 77–10–COL (M.D.Ga., May 20, 1977).