**Lieutenant Colonel Thomas E. BLEVINS, Plaintiff-Appellant,**

v.

**The Honorable James W. PLUMMER, Acting Secretary of the Air Force; Colonel Paul L. Green, Commander, Norton Air Force Base, California, Defendants-Appellees.**

No. CV. 77–2163.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 1979.

Decided Feb. 14, 1980.

Richard P. Fox, Los Angeles, Cal., for plaintiff-appellant.

Steven D. Petersen, Asst. U. S. Atty., Los Angeles, Cal., for defendants-appellees.

Before GOODWIN, HUG and FLETCHER, Circuit Judges.

PER CURIAM:

Thomas Blevins, an Air Force lieutenant colonel, was disappointed when he was not selected for promotion to colonel. After exhausting his administrative remedies, he sued the Secretary of the Air Force. He appeals an adverse judgment on the district court pleadings.[1]

Blevins believes he was not promoted because of the inaccuracy or incompleteness of his personnel file. His administrative requests that the file be amended, either by the insertion of a "letter of mitigation"[2] or by changing an Officer Effectiveness Report in the file in accord with the letter, were all denied. In this action Blevins seeks judicial review of the administrative denials as well as actual promotion to colonel.

None of the various theories advanced by Blevins in support of civilian judicial review finds support in the cases. His constitutional arguments fall because Blevins had no liberty or property interest in being promoted. *See Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Pauls v. Secretary of Air Force*, 457 F.2d 294, 297 (1st Cir. 1972); *Knehans v. Callaway*, 403 F.Supp. 290, 296 (D.D.C.1975), *aff'd sub nom. Knehans v. Alexander*, 184 U.S.App.D.C. 420, 566 F.2d 312 (D.C.Cir.1977), *cert. denied*, 435 U.S. 995, 98 S.Ct. 1646, 56 L.Ed.2d 83 (1978).

His other arguments similarly fall. The plaintiff officer points to no breach of regulation, or statutory or other published procedures. He alleges no improper command influence or other glaring military error such as were found in the few cases in which civilian judicial review resulted in relief. *See, e. g., Skinner v. United States*, 594 F.2d 824 (Ct.Cl.1979); *Yee v. United States*, 512 F.2d 1383 (Ct.Cl.1975).

 Blevins also raises a claim under the Privacy Act (5 U.S.C. § 552a). However, the Air Force regulations implementing the Privacy Act limit corrections to "factual matters," 32 C.F.R. § 806b.17.[3] Blevins requested correction not of an error of fact, but of an error of judgment. Therefore, the Privacy Act simply does not apply.

Affirmed.

---

1. Because documents in addition to the pleadings were presented on the defendants' motion to dismiss, it may be more appropriate to view the District Court's action as entry of summary judgment. *See Sanford v. United States*, 399 F.2d 693, 694 (9th Cir. 1968); Fed.R.Civ.P. 12(b).

2. In this letter, a rating officer recommended that the ratings he had given Blevins in a particular Officer Effectiveness Report be upgraded. He stated that his earlier evaluation was in error because it was based on insufficient appreciation of a task that Blevins was then supervising.

3. Blevins charges that the Air Force regulations contravene the Privacy Act by limiting its application to "factual matters." However, he fails to demonstrate what provision of the Privacy Act is contravened, either directly or implicitly.