Military pay; promotions; nonselection for promotion; selection boards without Reserve membership; lack of relook boards; correction boards; back active duty pay; retired pay. — On February 15,1980 the court entered the following order:
George M. Beasley, III, with whom was Assistant Attorney General Alice Daniel, for defendant. Marc J. Fink, of counsel.
Before Davis, Judge, Presiding, Kunzig and Bennett, Judges.
Plaintiff, a Reserve Army major (SS 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) on active duty, was passed over for promotion to lieutenant colonel (temporary) by boards which considered him on June 4, 1971, and September 5, 1972. Pursuant to AR 635-100, ¶ 3-65a, he was separated on August 15, 1973, then having over 16 years of active duty. He would have completed 20 years of active duty and been entitled to retire on December 31, 1976, had he not failed of promotion. He challenges the legality of the selection board actions in 1971 and 1972 because the boards, admittedly, had no Reserve officer members. Reserve membership on selection boards considering appointments, demotions, involuntary release or discharge from active duty, or retirement is mandated by 10 U.S.C. § 266(a) (1976) and Department of Defense Instruction 1205.4 (June 23, 1959). This case comes before us on cross-motions for summary judgment.
Plaintiff relies heavily on the intent of Congress in enacting 10 U.S.C. § 266(a), as illustrated by the legislative history and the DOD instruction' which implements the Act. Defendant disputes the case law and says, in any event, that the absence of Reserve officers from the promotion selection boards was a harmless error, that the court is not competent to judge the promotion process, and that at most the claim should be remanded to defendant to determine whether plaintiff would have been selected but for the failure of the Secretary of the Army to follow the statute in constituting the selection boards for the years in question.
The contentions of the parties cover familiar territory. All issues now raised, and more, were considered in a similar case decided in favor of plaintiffs. Doyle v. United States, 220 Ct. Cl. 285, 599 F. 2d 984 (1979). In that, and the companion case, Adams v. United States, Ct. Cl. No. 275-77, decided the same day in the same opinion, we *645considered the claims of several Army Reserve officers who were not selected for promotion and who were released from active duty after being passed over by selection boards in 1974 and 1975. Those boards too had no Reserve members on them. The officers took their case to the Army Board for Correction of Military Records which concluded that the failure of the Secretary to appoint Reserve members to the boards had resulted in an injustice and recommended that new selection boards with an appropriate number of Reserve members be convened to reconsider the officers. This was done, but the officers were again not selected. The court has not been advised if correction or relook boards have acted in the instant case. In Doyle and Adams the court held that, under the applicable statutes and regulations, an officer cannot be terminated under the two-passover rule unless he has had two fair chances at promotion. The court said:
* * * This includes, in this case, consideration by boards which are constituted squarely in accordance with statute and regulation. This we deem to be an officer’s basic right. Where the error is the violation of a provision designed to protect against a general form of prejudice, and there is no way of determining whether actual prejudice was involved in highly subjective and secret decision-making, we conclude that this right was not had. Thus, we hold that plaintiffs’ separations, predicated on two passovers by illegally constituted boards, were invalid. These plaintiffs were entitled to their position, rank, and pay until they were terminated from active duty under proper authority. [220 Ct. Cl. at 306, 599 F. 2d at 997-98.]
We adopt what was held in the Doyle and Adams cases as the basis for our judgment in the instant case. See also Dilley v. Alexander, 603 F. 2d 914 (1979), rev’g 440 F. Supp. 375 (D.D.C. 1977). The court does not determine if an officer should be promoted but it is our responsibility to see that the promotion process follows the law. It did not do so here. The effect of the action of the Secretary in establishing the selection boards in an illegal manner was serious and substantial prejudice to plaintiffs career. This was in violation of the clear mandate of Congress and of the DOD instruction that selection boards should have "an *646appropriate number of Reserves” and that there shall be "a fair and adequate representation of members from the Reserve components.” As the court said in Doyle, "Reserve members of the selection boards were to be there to minimize the chance that conscious or unconscious bias against Reserves, as such, would enter into the selection process.” 220 Ct. Cl. at 300, 599 F. 2d at 994. Further, the requirement was to make sure that "Congress’ purpose that the nation is protected by a military composed of those officers best qualified regardless of their status as Regular or Reserve officers, is carried out.” 220 Ct. Cl. at 303, 599 F. 2d at 995-96.
On September 30, 1977, the court entered an order providing that defendant’s motion of May 11, 1977, to suspend proceedings and to remand plaintiffs claim for further administrative determination should be held in abeyance and ruled upon together with the motions for summary judgment. The reasons for defendant’s motion to suspend and remand were contentions directly addressed and disposed of adversely to defendant in the Doyle and Adams cases, reaffirmed here. We therefore consider the motion mooted.
it is therefore ordered for the reasons indicated and upon the authorities cited, and upon consideration of the motions and supporting briefs, without oral argument, that judgment should be and it is entered in favor of plaintiff for active duty back pay as a major from August 15, 1973, to December 31, 1976, less readjustment pay and civilian earnings, placement on the retired list effective January 1, 1977, and retired pay from December 31, 1976, to date of judgment. The case is remanded to the trial division for determination of the amounts of recovery pursuant to Rule 131(c). The Secretary of the Army is directed to implement the other relief set forth above and made a part of this judgment.