Military pay; promotions; nonselection for promotion; improperly constituted selection boards. — On July 3, 1980 the court entered the following order:
Before Friedman, Chief Judge, Nichols and Smith, Judges.
This military pay case is before the court on the plaintiffs motion for summary judgment. The plaintiff, formerly a colonel in the United States Army Reserve, was released from active duty in the Army Nurse Corps on September 30, 1973, after selection boards that considered her in 1971 and 1972 failed twice to select her for promotion to the temporary grade of lieutenant colonel. (See Army Reg. 635-100, para. 3-65.) These passovers were upheld by the Army Board for the Correction of Military Records in 1975. (They were subsequently reaffirmed in 1978 by the Correction Board acting on the recommendation of reconstituted selection boards that reexamined her earlier nonse-lections.) She complains in this case that these nonselec-tions and their affirmance by the Correction Board were arbitrary, capricious, and contrary to law and fact, and she seeks promotion to lieutenant colonel as of 1971, back pay *728 in that grade until November 1978, when she would have completed 20 years of active duty, and, starting from that date, the retirement benefits accorded a Reserve colonel.
Although the plaintiff does not press this point, relying instead on an extensive presentation of evidence pertaining to her competence as an officer and as a nurse, the government concedes that under our recent decision in Doyle v. United States, 220 Ct. Cl. 285, 599 F.2d 984, modified, 220 Ct. Cl. 326, 609 F.2d 990 (1979), cert. denied, 446 U.S. 982 (1980), the plaintiff is entitled to partial relief.
As in Doyle and subsequent cases relying on it, e.g., Horn v. United States, ante at 692; Weise v. United States, 222 Ct.Cl. 643 (1980), boards that considered the plaintiff in 1971 and 1972 failed to include Reserve officers, as required by statute, 10 U.S.C. § 266(a) (1976), and regulations promulgated thereunder, Army Reg. 624-100, para. 16. (The consistent failure to comply with this rule prompted the Army to have reconstituted selection boards, or "relook boards,” containing the proper number of Reserve officers, reexamine de novo the records of officers such as the plaintiff as considered by the earlier, illegally constituted selection boards. See Doyle, supra, 220 Ct. Cl. at 296, 599 F.2d at 991-92.) In Doyle, we held that separations based on actions by selection boards lacking the required Reserve officers were unlawful and that Reservists who had been separated on that basis "are entitled to have their records corrected to show that they constructively served in the Army from the time of their illegal separation until their release date on the 90th day after receipt of involuntary release notification.” Doyle, supra, 220 Ct. Cl. at 317-18, 599 F.2d at 1004 (as corrected by order of September 28, 1979).
In the case of the plaintiff, the government concedes that constructive service from the date of her illegal separation until the transmission of the relook boards’ recommendation of nonselection to the Correction Board gives her more than 18 years of active duty and entitles her to further constructive service until the end of 20 years of active duty. See id. Therefore, as in Doyle, she is "entitled to back pay in accordance with law for periods of constructive service [September 1973 - November 1978]” and, being "properly retired rather than separated on account of service, both *729 actual and constructive, [is] entitled to retirement benefits in accordance with law.” Id. This is the relief the government proposes here, and it is the relief that we award the plaintiff.
The plaintiff, however, seeks relief based not on the illegal composition of the original selection boards, but instead on her assertion that "plaintiff was discriminated against, based on merit (and potential), in the promotion selection process and in the appeal procedures by the AUS.” She does not complain of any specific procedural or other default that would warrant our reversing any of the selection boards or Correction Boards that have considered her situation. Additionally, she no longer urges that any officer efficiency reports or other materials on which those boards based their decisions should not have been in the record before them, but only that her record, when compared with those who were promoted over her, called for a promotion. She is in effect, therefore, asking us to make an independent review of her record, and to act as another selection board or Correction Board. That is not our function, and we decline to do so. See Hary v. United States, 223 Ct. Cl. 10, 20, 618 F.2d 704, 710 (1980). We do not promote military officers where, as here, the Army’s decision whether to promote was discretionary. See, e.g., Borgford v. United States, 208 Ct. Cl. 1040, 1041 (1976); Abruzzo v. United States, 206 Ct. Cl. 731, 738, 513 F.2d 608, 611 (1975). Cf. Doggett v. United States, 207 Ct. Cl. 478, 482 (1975).
The plaintiffs motion for summary judgment is therefore granted in part. She is entitled to back pay and allowances in the grade of major from the date of her actual release from active duty until the date of her constructive completion of 20 years of active duty and the retirement benefits to which she then becomes entitled, less any appropriate offsets. The case is remanded to the Trial Division for proceedings under Rule 131(c) to determine the amount of recovery. (The government requests that we remand the case to the Secretary of the Army for this determination. We deny this request and follow instead our normal practice, used in Doyle-type cases as well as others, of remanding to the Trial Division for such calculations.)
*730 The Secretary of the Army is directed to correct the plaintiffs records to remove the illegal passovers by improperly constituted selection boards in 1971 and 1972, to show that the plaintiff was restored to duty as a major on the date of her separation in September 1973, with full constructive credit for service in that grade until her proper release date at the completion of 20 years of actual and constructive service on active duty, to show entitlement to the retirement benefits of a retired Reserve colonel with 20 years of service on active duty, and otherwise to implement the relief here accorded to the plaintiff.
On March 6, 1981 the court entered judgment for plaintiff in the amount of $104,463.56.