492 F.2d 787
 Lenard Wallace NOLEN, Plaintiff-Appellant,
v.
James R. SCHLESINGER, Secretary of Defense, Defendant-Appellee.
No. 73-3782 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir., 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 April 15, 1974.
 
 Lenard W. Nolen, pro se.
 William J. Schloth, U.S. Atty., John Reese Franklin, Ronald T. Knight, Asst. U.S. Attys., Macon, Ga., for defendant-appellee.
 Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit judges.
 AINSWORTH, Circuit Judge:
 
 
 1
 Nolen sought review in the district court of the Army Board for Correction of Military Record's denial of his application for correction of his military medical records to reflect that he had and was treated for hypertension during his period of service. The lower court granted summary judgment for the Government. We reverse and remand.
 
 
 2
 The record reveals that there are genuine issues as to material facts; therefore, it was error to grant defendant's motion for summary judgment. See Fed.R.Civ.P. Rule 56(c). On remand, the lower court should consider all of the evidence as it bears on the merits of Nolen's claim. Particularly, the court should examine the evidence which Nolen sought to present to this court in the motion he styled 'motion to be Heard on Oral Argument,' filed March 18, 1974.[1]
 
 
 3
 The lower court's holding that the 'only evidence which the court may consider is that evidence which was before the Board for consideration,' citing Sanford v. United States, 9 Cir., 1968, 399 F.2d 693, is erroneous. In the Sanford case, the court affirmed the district court's refusal to receive evidence supporting other alleged disabilities which had not been claimed before the Board. It is firmly established that in cases of this type, where the agency is not required to hold a formal hearing, de novo evidence may be presented to the court. See especially Brown v. United States, 1968, 396 F.2d 989, 184 Ct.Cl. 501; see also Sierra Club v. Hardin, D.C.Alaska, 325 F.Supp. 99, 114 (1971); Schlegel v. United States, 1969,416 F.2d 1372, 1375, 189 Ct.Cl. 30, cert. denied, 397 U.S. 1039, 90 S.Ct. 1359, 25 L.Ed.2d 650; Beckham v. United States, 1967, 375 F.2d 782, 785, 179 Ct.Cl. 539, cert. dismissed, 389 U.S. 1011, 88 S.Ct. 583, 19 L.Ed.2d 613; New Hampshire Fire Insurance Co. v. Murray, 7 Cir., 1939, 105 F.2d 212, 217.
 
 
 4
 The lower court's observation that Davis v. Secretary of the Army, 5 Cir., 1971, 440 F.2d 817, may apply to Nolen's case is also erroneous. In Davis, the petitioner gave the court 'no reason for the unwarranted delay' of 17 years from the date he was informed of his undesirable discharge from the Army until his challenge to the validity of it. Significantly, Nolen's application for correction of his record, dated August 30, 1971, alleges that the date of discovery of the error was 1970, when his private physician gave him a photocopy of the military records to take to the Veterans Administration hospital prior to testing and surgery. It is apparent that since learning of the error, Nolen has not delayed in seeking to have his records corrected.
 
 
 5
 The district court is to provide the full hearing necessary to determine the merits of Nolen's claim.
 
 
 6
 Reversed and remanded.
 
 
 
 [1]
 The motion reads:
 Nolen has now received from the ABCMR the evidence that Nolen swore was the truth in affidavits before the ABCMR, and the ABCMR swore they did not have before them at the first hearing before the ABCMR, in their brief before the Middle District Court at Macon, Ga., and the Judge gave the ABCMR Summary Judgement on to be able to present this evidence to this court.
 It is in the record on appeal showing where Nolen asked for this evidence, and Nolen was refused it. The ABCMR had it and they now have given it to Nolen. Nolen received this evidence in January and February of 1974 from the ABCMR.
 The problem in this case has been that the evidence has been concealed and covered up from Nolen as it now proves. Nolen should be allowed to have all the evidence examined and as the Government so says, 'Only the evidence before the lower Courts should be allowed.' This evidence was before the ABCMR and they withheld it from the District Court and claimed it was not before them. Now the ABCMR claims it was before them, and in fact, has furnished Nolen with the records Nolen has been after since 1968, which has been withheld and covered up. This is why there should have been a new trial and discovery allowed.