Lenard Wallace NOLEN, Sr., Plaintiff-Appellant,

v.

Donald H. RUMSFELD, Secretary of Defense, Defendant-Appellee.

No. 75–1398.

United States Court of Appeals, Fifth Circuit.

July 21, 1976.

Rehearing and Rehearing En Banc Denied Sept. 30, 1976.

---

Lenard Wallace Nolen, Sr., pro se.

Ronald T. Knight, U. S. Atty., C. Nathan Davis, Edgar W. Ennis, Jr., Asst. U. S. Attys., Macon, Ga., for defendant-appellee.

Before COLEMAN, RONEY and TJOF-LAT, Circuit Judges.

RONEY, Circuit Judge:

Plaintiff seeks correction of military medical records in an effort to prove "service-connected" hypertension and effectuate a claim for disability under the Veterans Administration Act. We previously reversed a district court's grant of summary judgment denying plaintiff relief, expressing no opinion on the merits but mandating that a full hearing be accorded plaintiff by the district court. *Nolen v. Schlesinger*, 492 F.2d 787 (5th Cir. 1974). From a denial of relief on remand, Nolen contends *pro se* that: (1) the district court did not accord him a *de novo* hearing on remand thus failing to follow the mandate of this Court and abusing its discretion; (2) action taken by the Army Board for Correction of Military Records (ABCMR) was arbitrary, capricious and not supported by substantial evidence; and (3) he was denied fair play and due process by the ABCMR. We affirm.

In his initial efforts, plaintiff sought service connected disability for cardiovascular disease by application to the Veterans Administration. He urged that prior to and upon enlistment in the Army in 1942 he was suffering from hypertension, and that this condition was aggravated by active duty. At the time of his induction, Nolen's Record of Physical Examination and Induction showed no disqualifying physical defects. Plaintiff was discharged in 1946. His report of physical examination at the time of discharging disclosed no disabilities.

Plaintiff requested and received a hearing before the Board of Veterans Appeals which found, *inter alia*, that the pre-existing hypertension was not noted on the induction physical examination; that the medical records failed to establish any increase in severity during plaintiff's period of service; and that the record of plaintiff's discharge examination failed to reflect any reference to the illness. Plaintiff's appeal was accordingly denied.

Thereafter, plaintiff applied for correction of records to the Army Board for Correction of Military Records. 10 U.S.C.A. § 1552. The Board determined that there was insufficient evidence of error or injustice to warrant a formal hearing on the matter and the application was denied. Plaintiff thereupon filed the instant civil action in the district court. To prevail, plaintiff must show that the decision of the ABCMR was ". . . arbitrary, capricious, unsupported by evidence, or contrary to the laws and regulations . . . ." *Hutter v. United States*, 345 F.2d 828, 829, 170 Ct.Cl. 517 (1965).

Following production of a mass of documents including plaintiff's medical records and numerous affidavits executed by plaintiff and others, defendant moved for summary judgment. An order was entered by the district court on July 24, 1973, granting the defendant's motion. The decision was reversed by this Court. *Nolen v. Schlesinger, supra.* We held only that the plaintiff was entitled to a full hearing to determine the merits of his claim.

In the interim between the order of the district court and the decision of the appellate court, the plaintiff was afforded another hearing before the Board of Veterans Appeal. The Board found that the previous decision was correct, that the evidence ad-

duced subsequent thereto was cumulative in nature and that the plaintiff had failed to establish aggravation of hypertension during his active service. The plaintiff applied to the ABCMR once again and received a letter from the Board's Executive Director denying his application. The substance of that correspondence was that plaintiff had failed to adduce any new evidence that would justify further consideration of plaintiff's application.

Following remand by this Court, the district court scheduled a hearing for the purpose of permitting plaintiff to produce whatever evidence he desired to present to the court on the question of whether his military records should be corrected. The only new evidence presented was plaintiff's own testimony. Accordingly, the district court again denied relief.

■ Plaintiff argues that the district court denied him a full hearing as was required on remand from this Court. The record does not sustain plaintiff's position. A prehearing conference was held. The court asked the plaintiff what records and what testimony he wanted to produce. Plaintiff's reply was that he had no records to produce, only his testimony. Subsequently a full hearing was held. At this hearing plaintiff was asked to present whatever further evidence he had to prove his case. Plaintiff testified in narrative form about his entire military health history. At the close of his testimony, the court inquired, "is there anything else in the form of evidence that you want to present this morning?" Plaintiff's reply was:

> Sir, I have nothing except what has been furnished to me from the Board. I have to rest on the record itself and what I have related to you, which is already in an affidavit in the record . . . ."

No more complete hearing could have been afforded plaintiff. The hearing provided plaintiff due process and complied with the prior mandate of this Court.

■ Since this action is based on a claim for correction of military records rather than a claim for disability, the ABCMR is the proper forum for initial consideration.

The ABCMR's function is to investigate and determine if a serviceman is suffering from an injustice caused by an error in military records. 10 U.S.C.A. § 1552. The Government asserts and the record appears to confirm that the ABCMR made a rational decision to deny plaintiff's claim for corrected records based on all the information available. It cannot, and is not required to make a decision based on information it does not have. The Board may deny an application if it determines that insufficient relevant evidence has been presented to demonstrate the existence of probable material error or injustice. 32 CFR § 581.3. Plaintiff's reliance on *Caddington v. United States*, 178 F.Supp. 604, 147 Ct.Cl. 629, (1959) concerning missing records is misplaced. In *Caddington*, available records supported plaintiff's claim so that the loss of subsequent records was not controlling.

We hold that the Board did not act arbitrarily or capriciously, the findings are supported by the substantial evidence and we therefore affirm the district court.

We note that a companion case has this day been decided, in which plaintiff sought additional records under the Freedom of Information Act. *Nolen v. Rumsfeld*, 535 F.2d 890 (5th Cir. 1976).

AFFIRMED.