John T. COUGHLIN, Plaintiff,

v.

Clifford ALEXANDER et al.,
Defendants.

Civ. A. No. 77–1571.

United States District Court,
District of Columbia.

Feb. 27, 1978.

Keith A. Rosenberg, Rockville, Md., for plaintiff.

Nathan Dodell, Asst. U. S. Atty., Washington, D. C., L. Neal Ellis, Jr., Captain, JAGC, of counsel, for defendants.

MEMORANDUM

AUBREY E. ROBINSON, Jr., District Judge.

This is an action in which plaintiff, a retired Lieutenant Colonel in the United States Army, challenges his non-selection for promotion, in both temporary and permanent grades, by Army promotion boards which considered plaintiff for advancement

in the period from 1968 to 1975, and seeks reconsideration of those promotion decisions. The matter is before the Court on the parties' cross-motions for summary judgment.[1] For the reasons discussed below, the Court finds that there are no genuine issues of material fact and that Defendants are entitled to judgment as a matter of law.

Plaintiff graduated from West Point in 1944 and served for some time in extended active duty and reserve capacities. In 1948, plaintiff was appointed as a Second Lieutenant in the Regular Army. Plaintiff was subsequently promoted to the rank of Captain and then to Major. Between 1967 and 1975 plaintiff was considered a number of times for promotion to either temporary ("AUS") or permanent ("RA") grades of Lieutenant Colonel and Colonel. Plaintiff was denied selection by the 1967–1969 AUS Colonel and 1968–1970 RA Lieutenant Colonel promotion boards. However, an error was discovered in plaintiff's personnel file and plaintiff's case was referred to a Standby Advisory Board, which in July 1970, after reviewing plaintiff's situation, upheld the AUS Colonel non-selections but recommended promotion to the grade of Lieutenant Colonel RA, a grade to which plaintiff was subsequently appointed.

Plaintiff's file was inadvertently omitted from consideration by the 1972 RA Colonel Selection Board. The matter was referred to a Standby Advisory Board which in July 1973 recommended non-selection. Plaintiff was considered and non-selected by the 1970–1975 AUS Colonel and the 1973–1974 RA Colonel promotion boards. Plaintiff was involuntarily retired from the service on April 30, 1976.[2]

In January 1976, plaintiff filed an application for relief with the Army Board for Correction of Military Records ("ABCMR"), seeking to void certain of his non-selections. The hearing examiner assigned to the case found against plaintiff's claims and the ABCMR adopted the examiner's findings on September 29, 1976. Plaintiff filed the instant lawsuit on September 14, 1977. Plaintiff's complaint charges violations of the statutory provisions of the Armed Forces Act and of the applicable governing regulations. Specifically, plaintiff alleges that the 1970 Standby Advisory Board which recommended non-selection to AUS Colonel and the 1973 Standby Advisory Board which recommended non-selection to RA Colonel were improperly constituted in that the officers on those boards were passing on successive promotions contrary to 10 U.S.C. § 3297,[3] and Army Regulation 624–100;[4] that use of the 1970 and 1973 Stand-

1. The Defendants have moved to dismiss or in the alternative for summary judgment. Given both parties' reliance upon the record in this case, the Court deems it appropriate to consider this action in terms of summary judgment.

2. Plaintiff's separation was pursuant to 10 U.S.C. § 3916 and was unrelated to plaintiff's non-selections for promotion.

3. 10 U.S.C. § 3297 provides in pertinent part:
 (a) Under such regulations as he may prescribe, the Secretary of the Army shall detail selection boards, to meet at times prescribed by him, to recommend promotion-list officers . . . for promotion in the Regular Army. Each board shall be composed of at least five officers of the Regular Army who hold a temporary or regular grade above lieutenant Colonel, and who are senior in regular grade to, and who outrank, any officer considered by that board. . . .
 (b) No selection board may serve longer than one year and no member may serve on two

consecutive boards for promotion to the same grade . . . . .
(d) Except as otherwise provided by law, promotion-list officers . . . may be promoted to the regular grades of captain through major general only when recommended by a selection board. . . . Notwithstanding any other provision of law, a board that is to recommend officers for promotion whom it considers to be the best qualified may recommend only those officers whom it also considers to be fully qualified.

4. Army Regulation 624–100, paragraph 16(b) provides in pertinent part:
 Selection boards will consist of five or more commissioned officers all senior in permanent grade and temporary rank to the officers being considered for promotion except that membership seniority in permanent grade is not mandatory for boards considering officers for temporary promotion to Colonel. No officer will serve on two consecutive boards for the same grade when the second

by Advisory Boards violated plaintiff's right to consideration for promotion on a fair and equitable basis; and that the 1972 Selection Board which denied plaintiff selection to AUS Colonel was improperly constituted in that the board consisted in part of officers junior in rank to plaintiff contrary to Army Regulation 624–100.[5] Plaintiff asks this Court to void the various non-selections challenged in the suit; to direct the Secretary of the Army to correct plaintiff's military records accordingly; and to require the Secretary to reconsider plaintiff's promotion to the temporary and permanent grade of Colonel.

 Courts are extremely reluctant to interfere with the personnel matters of the armed services. *Orloff v. Willoughby,* 345 U.S. 83, 93–94, 73 S.Ct. 534, 97 L.Ed. 842 (1953); *Knehans v. Alexander,* 566 F.2d 312 (D.C. Cir., 1977). The promotion of an officer is a highly specialized function involving military requirements of the service and qualifications of the officer in comparison with his contemporaries, and promotion decisions are better left to the expertise and judgment of the military. *Brenner v. United States,* 202 Ct.Cl. 678, 693–4 (1973), *cert. denied,* 419 U.S. 831, 95 S.Ct. 54, 42 L.Ed.2d 56 (1974). There is no constitutionally protected entitlement to promotion, *VanderMolen v. Stetson,* 571 F.2d 617 at 627 (D.C. Cir., 1977), and courts have been scrupulous not to intervene with regard to the military's discretion as to ratings and promotions unless clear error is shown or relief is specifically required by law or regulation.

*Boyd v. United States,* 207 Ct.Cl. 1 (1975), *cert. denied,* 424 U.S. 911, 96 S.Ct. 1106, 47 L.Ed.2d 314 (1976); *VanderMolen, supra.* The proper focus for the Court in cases like the one at hand is on the action of the ABCMR and the Secretary of the Army in considering and approving plaintiff's non-selections and denying plaintiff relief. The appropriate standard for review herein is whether the denial of relief was arbitrary, capricious, clearly erroneous, or contrary to law. *Nolen v. Rumsfeld,* 535 F.2d 888 (5th Cir. 1976); *Knehans, supra.*

 Plaintiff has attacked the actions of the 1970 and 1973 Standby Advisory Boards on a number of grounds. With respect to plaintiff's arguments as to the composition of those boards, the Court is not persuaded that the specific criteria of 10 U.S.C. § 3297 and Army Regulation 624–100, paragraph 16, control the operation of standby advisory boards. Such boards are creatures, not of statute, but of paragraph 18(b) of AR 624–100, *Knehans, supra,* at p. 315, fn.6, and exist as an aid to the Secretary in reviewing the actions of selection boards, deciding whether material error has been committed, and correcting any errors in a manner to ensure fairness to the officers involved. Standby advisory boards are governed by the Letter of Instruction for Standby Advisory Board dated December 1, 1970,[6] which calls into play the spirit but not the specific terms of various statutory provisions dealing with Army appointment and promotion. There is no formal requirement prohibiting the same officers serving on

board considers any of the officers who were considered, but not selected, for that grade by the first board. . . .

The "except" clause to the first part of paragraph 16(b) reflects an amendment to the original regulation which became effective in 1973. The original regulation provided that selection boards consist of officers "all senior in permanent grade and temporary rank to the officer being considered for promotion."

Army Regulation 624–100, paragraph 18(b) provides:

Selection Board action is administratively final. Reconsideration for promotion will be afforded only in those cases when material error was present in the records of an officer when reviewed by a selection board. This

determination will be made by Headquarters, Department of the Army.

5. Plaintiff originally attacked the composition of the 1972–1973 AUS Colonel Selection Boards for containing officers junior in rank to plaintiff. In light of the 1973 amendment to AR 624–100, paragraph 16(b), plaintiff concedes that he has no complaint with the constitution of the 1973–1975 boards.

6. Army Letter of Instruction dated December 1, 1970, provides that standby advisory boards will be guided by applicable Army regulations in addition to Sections 558, 1211(f), 3362 or 3297, Title 10, United States Code, whichever may be applicable.

successive standby advisory boards or reviewing successive promotion non-selections.

 With respect to plaintiff's arguments as to the use and practice of standby advisory boards, the Court is not persuaded that plaintiff has been denied promotion consideration on a fair and equitable basis. Plaintiff's inadvertent omission from consideration by the 1972 RA Colonel Selection Board was remedied by subsequent review by the 1973 Standby Advisory Board. The standards employed by the 1970 and 1973 Standby Advisory Boards appear appropriate. Review by standby advisory boards is an act of administrative grace, *Knehans, supra,* at 315, and plaintiff's complaints against board procedure lack merit.

■ Lastly, plaintiff claims that his non-selection to the grade of AUS Colonel by the 1972 Selection Board must be voided because one member of that board held a date of rank junior to plaintiff's, contrary to the requirements of Army Regulation 624–100, paragraph 16(b).[7] However, the Court is persuaded, as defendants argue, that this impropriety constitutes harmless error in light of the subsequent history of promotion board action with regard to plaintiff. There is no legal entitlement to a set number of promotion considerations. Plaintiff was considered several times for promotion to AUS Colonel by properly constituted selection boards and was rejected. These subsequent considerations and non-selections render any defect in the 1972 proceedings harmless. *Dilley v. Alexander,* 440 F.Supp. 375 (D.D.C., 1977).[8]

The ABCMR reviewed the various non-selections in issue in this lawsuit and concluded that plaintiff had been provided adequate promotion consideration and that the evidence failed to demonstrate the existence of any material error or injustice warranting promotion reconsideration. In view of the entire record herein, this Court cannot say that the decision of the ABCMR is clearly erroneous, arbitrary or capricious, or lacking a rational basis. Therefore the Court must enter judgment for the defendants in this case.

---

7. Plaintiff also claims that the composition of the 1972 AUS Colonel Selection Board violated the terms of 10 U.S.C. § 3297(a). However, the requirement for senior officer membership as it pertains to AUS Selection Boards is not mandated by statute. 10 U.S.C. § 3297 technically applies only to officers for promotion in their permanent grades. In fact, there is no statutory provision requiring selection board consideration for temporary appointments. Nevertheless, selection boards are used for both temporary and permanent promotions, and it would seem that similar standards should control in either case. Similar standards are provided for in Army Regulation 624–100, paragraph 16.

8. Thus plaintiff's situation differs significantly from that the claimant in *Henderson v. United States,* 175 Ct.Cl. 690 (1966), cert. denied, 386 U.S. 1016, 87 S.Ct. 1373, 18 L.Ed.2d 455 (1967). In *Henderson,* an improperly constituted board determined that petitioner should be dropped from an Air Force pilot training program. That determination was final and immediately deprived petitioner of a position he occupied. There was no subsequent review or consideration of that decision by later boards. Nor is this case similar on its facts to *VanderMolen v. Stetson, supra.* This action, unlike *VanderMolen,* does appear to "concern an ordinary denial of a promotion". *VanderMolen* at 627.