Oswald A. **PENNISI**, Plaintiff-Appellant,

v.

Clifford L. **ALEXANDER**, Jr., Secretary of the Army, Defendant-Appellee.

No. 79–2763

Summary Calender.*

United States Court of Appeals, Fifth Circuit.

Feb. 7, 1980.

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Kennedy & Kennedy, Reid W. Kennedy, Reid G. Kennedy, Atlanta, Ga., for plaintiff-appellant.

Gregory J. Leonard, Asst. U. S. Atty., Macon, Ga., for defendant-appellee.

Before CHARLES CLARK, VANCE and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

This action was initiated in the district court to review a final administrative order of the Army Board for the Correction of Military Records. The district court dismissed upon the affirmative defense of res judicata. *Nicholson v. Brown*, 599 F.2d 639, 646 (5th Cir. 1979); *Nolen v. Rumsfeld*, 535 F.2d 888, 890 (5th Cir. 1976). The district court's order of June 21, 1979, granted defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The district court's order dismissed the complaint in plaintiff's instant case on the basis that it alleged the identical cause of action as plaintiff's complaint in an earlier action that the same district court had dismissed for failure to state a claim upon which relief could be granted.

The record before us is incomplete because the parties have not included in the appellate record the complaint from plaintiff's former action. We do have the court's dismissal order from the record of the earlier action, but it mentions only the ground upon which plaintiff's former action was dismissed, and it does not disclose what claims were asserted and litigated in that action. Consequently, we are not in a position to determine if the doctrine of res judicata applies to the claims asserted in the present action.

Therefore, we must remand this case to permit the district court to re-examine and possibly supplement the record thereby removing any doubt that plaintiff's present action should be barred by res judicata or collateral estoppel. *Myers v. Ampex, Inc.*, 491 F.2d 1103, 1104 (5th Cir.), *cert. denied*, 419 U.S. 1037, 95 S.Ct. 524, 42 L.Ed.2d 314 (1974). On remand, the parties should be given the opportunity to litigate the merits of the affirmative defense of res judicata. *Moch v. East Baton Rouge Parish School Board*, 548 F.2d 594, 596 n.3 (5th Cir.), *cert. denied*, 434 U.S. 859, 98 S.Ct. 183, 54 L.Ed.2d 132 (1977); *see also Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977); 5 Wright and Miller, Federal Practice and Procedure: Civil ¶ 1357, at 604–10 (1969).

VACATED AND REMANDED.