Lt. Col. Thomas E. BLEVINS, Plaintiff,

v.

Honorable Verne ORR, Defendant.

Civ. A. No. 82–1069.

United States District Court,
District of Columbia.

Dec. 15, 1982.

William Schaap, Washington, D.C., Richard P. Fox, Los Angeles, Cal., for plaintiff.

John D. Bates, Asst. U.S. Atty., Washington, D.C., for defendant.

MEMORANDUM

JOHN LEWIS SMITH, Jr., District Judge.

Lieutenant Colonel Thomas E. Blevins, United States Air Force, retired, brings this action against the Secretary of the Air Force. Blevins seeks relief from the Air Force's decision not to promote him to the rank of Colonel. The action is before the Court on defendant's motion to dismiss.

Blevins was considered, but not selected, for promotion to Colonel by several Air Force Selection Boards, beginning in April, 1972. In 1974, he challenged his nonselection by filing a petition with the Air Force Board for Correction of Military Records (AFBCMR). Blevins argued to the AFBCMR, at that time, that he was not selected because his personnel file was inaccurate or incomplete. The AFBCMR rejected his claim and Blevins filed suit on

December 31, 1975, in the United States District Court for the Central District of California, challenging the AFBCMR's decision.

On October 28, 1976, the California court dismissed Blevin's case, holding that the Air Force had not acted improperly in refusing to correct Blevins' records. *Blevins v. Plummer,* No. 75–4336–F (C.D.Cal. October 19, 1976). The United States Court of Appeals for the Ninth Circuit treated the dismissal as a grant of summary judgment, and affirmed the District Court's decision. *Blevins v. Plummer,* 613 F.2d 767 (9th Cir. 1980).

Subsequent to the District Court's decision in *Blevins v. Plummer,* but prior to the Court of Appeals' affirmance, Blevins filed another petition with the AFBCMR. In this latter application, Blevins requested that his military record be corrected to show promotion to the rank of Colonel by the Air Force Selection Board of Fiscal Year 1975 (FY 75). Blevins alleged that the Air Force actions concerning the FY 75 Colonel Selection Board, including splitting the Board into two groups and issuing certain improper instructions, reduced the number of promotions recommended by that Board below the normal quotas. These actions, Blevins claimed, arbitrarily and capriciously prevented him from competing for the unused promotion quotas. The AFBCMR disagreed, however, and denied Blevins' request for retroactive promotion on September 11, 1979. Blevins filed the complaint which began this judicial action on April 19, 1982.

■ Blevins' present judicial action challenges the AFBCMR's refusal to retroactively order his promotion by the FY 75 Selection Board. In challenging that refusal, Blevins is precluded from arguing that his personnel file was inaccurate or incomplete when considered by the FY 75 Selection Board because the decision in *Blevins v. Plummer* permanently decided that issue. The *Blevins* ruling was a valid decision on the merits which invokes the doctrine of res judicata. *See Hardison v. Alexander,* 655 F.2d 1281 (D.C.Cir.1981).

■ Blevins latest suit, therefore, is necessarily founded only on his claim that in several ways the FY 75 Colonel Selection Board was improperly constricted in the number of promotions it could recommend. The defendant argues that this claim is also barred by the previous California decision and the doctrine of res judicata. At the time of the California District Court's *Blevins* decision, however, Blevins had not received a ruling from the AFBCMR on his "quota" claims. Such claims of impropriety concerning selection boards are not ripe for judicial determination until administrative remedies are exhausted, subsequent to an AFBCMR ruling. *See Knehans v. Alexander,* 566 F.2d 312, 315 (D.C.Cir.1977). Blevins' quota claims, therefore, are not res judicata in this judicial action because they were not and could not have been considered by the District Court in California. *Cf. Hardison v. Alexander,* 655 F.2d 1281 (D.C.Cir.1981) (each of two claims rejected by BCMR before court ruling).

■ Although Blevins' suit partially escapes the strictures of the res judicata doctrine, the Court finds that the defendant is entitled to summary judgment in this action as a matter of law. As a result of the prior court decision, Blevins may not argue that he was not selected by the FY 75 Board due to any defect in his personnel file. Blevins argument before this Court, therefore, is essentially that the Air Force should have selected more officers for promotion to Colonel in FY 75 and that he should have been one of those officers. The Court, however, has neither the inclination nor the power to scrutinize the decisions of the United States military forces concerning the promotion needs for each officer rank, or the decisions as to which individual officers can best meet those needs. As aptly stated by Chief Judge Aubrey Robinson of this Court, "[t]he promotion of an officer is a highly specialized function involving military requirements of the service and qualifications of the officer in comparison with his contemporaries, and promotion decisions are better left to the expertise and judgment of the military." *Coughlin v. Al-*

*exander,* 446 F.Supp. 1024, 1026 (D.D.C. 1978), affd. 589 F.2d 1115 (D.C.Cir.1978). *See also Orloff v. Willoughby,* 345 U.S. 83, 93–94, 73 S.Ct. 534, 539–40, 97 L.Ed. 842 (1953); *Knehans v. Alexander,* 566 F.2d 312 (D.C.Cir.1977).

■ The number of promotions to Air Force Colonel, and the officers entitled to those promotions to satisfy military requirements in FY 75, were matters for the Air Force to decide, not the courts. The Court finds, therefore, that the AFBCMR's decision not to retroactively promote Blevins is neither arbitrary, capricious, nor otherwise unlawful and must be upheld. *See Knehans v. Alexander, supra.*

Accordingly, defendant's motion to dismiss, treated as a motion for summary judgment under Rule 12(b)(6) and Rule 56, Federal Rules of Civil Procedure, will be granted.