Tyce L. SIMMONS, Plaintiff,

v.

John O. MARSH, Jr., Defendant.

Civ. A. No. 82–3375.

United States District Court,
District of Columbia.

June 8, 1983.

Stephen C. Glassman and Neil B. Kabatchnick, Washington, D.C., for plaintiff.

Stuart H. Newberger, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty. and Royce C. Lamberth, Asst. U.S. Atty., Washington, D.C., were on brief and Charles R. Fulbruge, III and Steven M. Post, Dept. of the Army, Washington, D.C., were of counsel.

## ORDER AND OPINION

CHARLES R. RICHEY, District Judge.

Plaintiff, a Captain in the United States Army seeks review of a decision by the Army Board for Correction of Military Records ("ABCMR") denying his application to expunge certain material from his personnel file. The merits of plaintiff's claim are not yet before the Court. Rather, the Court is currently considering the procedural route through which this case should proceed. Defendant argues that this case must be decided on a motion to affirm or reverse the ABCMR's decision under Fed.R. Civ.P. 7(b)(1). Additionally, defendant argues that the case must be decided solely on the basis of the administrative record whereby no discovery is available to plaintiff. Plaintiff contends that this matter is appropriately handled by motions for summary judgment after full discovery.

While on its face, Rule 7(b)(1) does not provide the basis for defendant's proposed motion to affirm or reverse the ABCMR's decision, it has been so used in the past. The cases establishing this procedure, however, arise under the Social Security Act. *See, e.g., Igonia v. Califano,* 568 F.2d 1383, 1389 (D.C.Cir.1977); *Torphy v. Weinberger,* 384 F.Supp. 1117 (E.D.Wis.1976). Only recently has use of Rule 7 been expanded into the area of ABCMR appeals. *See Moore v. Marsh,* No. 82–1350 (D.D.C. Feb. 17, 1983); *Heisig v. Secretary of the Army,* 554 F.Supp. 623 (D.D.C.1982). Furthermore, *Moore* and *Heisig* simply note that ABCMR cases may be decided under Rule 7(b)(1). Nowhere is the law surrounding the use of this procedure developed.

■ The Court agrees that Rule 7(b)(1) may be an appropriate way to decide ABCMR appeals. However, the Court does not find that Rule 7 is the only way to dispose of such cases. ABCMR appeals have generally been decided on motions for summary judgment under Rule 56. *See, e.g., Sanders v. United States,* 594 F.2d 804 (Ct.Cl.1979); *Powell v. Marsh,* 560 F.Supp. 636 (D.D.C.1983); *Knehans v. Callaway,* 403 F.Supp. 290 (D.D.C.1975), *aff'd sub nom., Knehans v. Alexander,* 566 F.2d 312 (D.C. Cir.1977). The Court thus concludes that ABCMR appeals may be decided under either Rule 7 or Rule 56 and this case will proceed under Rule 56.

Even under Rule 56, however, it is not clear whether plaintiff is entitled to discovery in this proceeding.[1] Defendant contends that no discovery is allowable because ABCMR appeals are restricted solely to review of the administrative record. However, the law on this question is not settled. While ABCMR review cases generally proceed based solely on the record, it does not appear that review is so constrained by law. There is no specific statutory authorization for review of ABCMR decisions and case law on this question provides no coherent guidance. *Compare Nolen v. Schlesinger,* 492 F.2d 787, 788 (5th Cir.1974) ("It is firmly established that in cases of this type . . . *de novo* evidence may be presented to the court.") *with Amato v. Chafee,* 337 F.Supp. 1214, 1217 (D.D.C.1972) ("[T]he proper court function is to conduct limited judicial review on the basis of the certified military records.")

■ Generally, in ABCMR appeals cases, the Court's role is limited to reviewing the Board's decision to determine whether it is arbitrary, capricious, unsupported by substantial evidence or contrary to law. *See, e.g., Powell v. Marsh,* 560 F.Supp. 636 (D.D.C.1983). Thus, the Court ordinarily reviews only the record (i.e., the evidence before the ABCMR) to determine whether the Board's decision is supportable. This case is some-

---

1. Whether discovery is permissible in ABCMR review cases appears to be a question of first impression.

381

what different. Here, plaintiff alleges that the procedure followed by the ABCMR in arriving at its decision was defective. Accordingly, it may be necessary for the Court to look beyond the face of the administrative record to consider the procedures employed. *Cf. de Cicco v. United States,* 677 F.2d 66, 70–71 (Ct.Cl.1982) (*de novo* hearing unnecessary because plaintiff had presented no new evidence and had alleged no procedural defects). Thus, the Court will grant plaintiff some discovery to allow him to discover what procedures the ABCMR followed in processing his case.

At a status conference held in this case on May 16, 1983, the Court ruled from the bench with regard to the discovery requests that plaintiff put before the Court. The Court believes that the rulings handed down at that conference should dispose of the discovery disputes presented in this case. Should further disputes arise, the parties are instructed to confer in good faith in an attempt to settle their differences. Only in the event of unresolvable disputes or novel questions, such as those presented here, will the Court entertain further discovery motions.

For the reasons set forth herein, it is, by the Court, this 7 day of June, 1983, hereby

ORDERED that plaintiff shall be allowed discovery to the extent ordered by the Court at its status conference on May 16, 1983; and it is further

ORDERED that this case shall proceed by motion for summary judgment under Rule 56, the briefing schedule for which shall be established at a status call to be held on June 14th, 1983 at 1:30.