Thomas E. BLEVINS, Lieutenant Colonel, Retired, Appellant,

v.

The Honorable Verne ORR, Secretary of the Air Force.

No. 83–1097.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 27, 1983.

Decided Dec. 2, 1983.

William H. Schaap, Washington, D.C., with whom Richard P. Fox, Los Angeles, Cal., was on the brief for appellant.

John D. Bates, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., and Royce C. Lamberth and R. Craig Lawrence, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Michael J. Ryan, Asst. U.S. Atty., Washington, D.C., also entered an appearance for appellee.

Before WALD, MIKVA and STARR, Circuit Judges.

Opinion for the Court filed by Circuit Judge STARR.

STARR, Circuit Judge:

Lieutenant Colonel Thomas E. Blevins, United States Air Force, retired, brought this action in the United States District Court for the District of Columbia, challenging the Air Force's decision not to promote him to the rank of colonel. The District Court concluded that the Air Force's determination was not arbitrary, capricious or otherwise unlawful. *Blevins v. Orr,* 553 F.Supp. 750 (D.D.C.1982). This appeal followed. We affirm.

## I

The facts are not in dispute. From April 1972 to February 1979, Lt. Col. Blevins was considered for promotion to the rank of colonel by twelve separate Air Force selection boards. On each occasion, appellant was passed over for promotion. He retired from active duty in October 1980.[1]

Both before and since his retirement, appellant has challenged his non-selection for promotion in a series of administrative and judicial actions. Only those portions of this protracted history relevant to our decision are recounted here; a more detailed account of appellant's efforts to secure promotion is set forth in the District Court's opinion.

Lt. Col. Blevins' first attack began in 1974 with the filing of a petition with the Air Force Board for the Correction of Military Records (AFBCMR) appealing from the adverse decision of the Fiscal Year 1975 (FY 75) promotion selection board, the entity charged with making recommendations to the Secretary of the Air Force with respect to officer promotions. Appellant alleged that his personnel file was inaccurate and incomplete, thereby rendering the decision of the FY 75 selection board, the third such board to consider him for promotion, improper. Joint Appendix (J.A.) at 14, 60. The AFBCMR, which pursuant to 10 U.S.C. § 1552 (1982) has broad powers to change military records in order to "correct an error or remove an injustice," denied appellant's petition.

Appellant thereupon filed an action in United States District Court for the Central District of California, challenging the AFBCMR's action. On October 28, 1976, the California federal district court dismissed the suit. *Blevins v. Plummer*, No. CV 75–4336–F, J.A. at 145–46. The United States Court of Appeals for the Ninth Circuit affirmed, *Blevins v. Plummer*, 613 F.2d 767 (9th Cir.1980), thus bringing to a close appellant's first round of challenges.

Prior to the Ninth Circuit's decision, however, Lt. Col. Blevins opened attack on a second front by filing yet another petition with the AFBCMR. This petition, based upon materials which appellant received in discovery from the Air Force during the prior federal district court proceedings, challenged his rejection by the FY 75 promotion selection board on the ground that improper Air Force actions had infected the selection board's proceedings.

Specifically, Lt. Col. Blevins claimed that the Air Force, *first,* had improperly split the FY 75 colonel selection board, as well as the 1975 "year group" of promotion candidates, into two groups and, *second,* had issued improper instructions to the FY 75 board.[2] The confluence of these two alleged irregularities, he contended, resulted in the total number of promotions recommended by the split board falling below the normal level of promotions.[3] The policies followed by the FY 75 colonel selection board, according to appellant's petition, "arbitrarily and capriciously prevented [him] from competing for available (unused) promotion quotas," and that "[a]s a result, [he] was not selected for promotion." J.A. at 149–50.

The AFBCMR rejected appellant's second petition in September 1979 and, following reconsideration, again in April 1980. Lt.

---

1. Since Lt. Col. Blevins is now retired, he is seeking only changes in his personnel record necessary to indicate, retroactively, his promotion to colonel by the Fiscal Year 1975 promotion selection board, and retirement at that rank. He is not seeking back pay or other money damages. Joint Appendix at 124.

2. Appellant took issue with a "Staff Summary Sheet" provided to the FY 75 selection boards. This document, in relevant part, stated that "[t]he normal promotion opportunity of 50% would generate about 1450 selectees, a number that would be viewed as excessive by members

of Congress and hence counter-productive as to our efforts [on grade relief and other personnel legislation]. Consequently, to reduce the possible adverse implications of the FY 75 colonel promotion program, the eligible year group will be divided and considered by two boards." J.A. at 13, 46.

3. Appellant alleged that the procedures followed by the FY 75 board were motivated by the Air Force's desire to "deceive" Congress as to its promotion policies. J.A. at 5, 11, 12, 19, 31, 35, 80.

Col. Blevins challenged the AFBCMR's decision by filing the present action in April 1982. The complaint alleged that the Air Force acted "arbitrarily and capriciously" and violated appellant's due process rights. J.A. at 6.

Appellee filed a motion to dismiss, contending that the present action was, by virtue of the Ninth Circuit's earlier decision, barred by the doctrines of *res judicata* and collateral estoppel, and by the applicable six-year statute of limitations set forth in 28 U.S.C. § 2401(a) (Supp. V 1981). In ruling on appellee's motion to dismiss, the District Court held that the Ninth Circuit decision was *res judicata* as to any claim that appellant's personnel file was inaccurate or incomplete. However, the court agreed with appellant's contention that the Ninth Circuit decision presented no bar to the claim in the instant action that "in several ways the FY 75 Colonel Selection Board was improperly constricted in the number of promotions it could recommend." 553 F.Supp. at 751. Addressing this allegation specifically, the District Court granted appellee's motion to dismiss, concluding:

> Blevins' argument before this Court ... is essentially that the Air Force should have selected more officers for promotion to Colonel in FY 75 and that he should have been one of those officers. The Court, however, has neither the inclination nor the power to scrutinize the decisions of the United States military forces concerning the promotion needs for each officer rank, or the decisions as to which individual officers can best meet those needs.

*Id.*

The District Court further concluded that "[t]he number of promotions to Air Force Colonel, and the officers entitled to those promotions to satisfy military requirements in FY 75, were matters for the Air Force to decide, not the courts." 553 F.Supp. at 752. As a result, the court held "the AFBCMR's decision not to retroactively promote Blevins is neither arbitrary, capricious, nor otherwise unlawful and must be upheld." *Id.*

## II

In this court, appellant maintains that the District Court "erred in not reviewing the [AFBCMR's] challenged decision" and "in holding that the Air Force had absolute, unreviewable authority in the field of promotions." Appellant's Brief at 6. Appellant cites in this respect several cases in which federal courts "have reviewed allegations that actions of promotion boards and the officials involved in military promotions, have been irregular." *Id.* at 8–9. While appellant correctly maintains that certain decisions of military records correction boards have been deemed reviewable by federal courts, he misperceives the rationale of the District Court's opinion in this case.

At the outset, judicial review of military decisions must be guided by the Supreme Court's clear pronouncement in *Orloff v. Willoughby,* 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953), where Justice Jackson, speaking for the Court, concluded:

> The military constitutes a specialized community governed by a separate discipline from that of the civilian. Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate [military] matters as the [military] must be scrupulous not to intervene in judicial matters.

*Id.,* 345 U.S. at 94, 73 S.Ct. at 540.

Since *Orloff,* the doctrine of nonreviewability of military decisions has undergone considerable modification, as courts have evinced increased willingness to review military actions alleged to contravene express constitutional, statutory or regulatory requirements. *See Dilley v. Alexander,* 603 F.2d 914, 920 (D.C.Cir.1979). As Judge MacKinnon, speaking for this court in *Dilley,* concluded: "It is the duty of the federal courts to inquire whether an action of a military agency conforms to the law, or is instead arbitrary, capricious or contrary to the statutes and regulations governing that agency." *Id.* It is to this limited but critical inquiry that we now turn.

As to appellant's constitutional claim, it is clear that military promotion

decisions *simpliciter* are not susceptible to due process challenges, inasmuch as there exists no property or liberty interest in a military promotion *per se. See generally, Knehans v. Alexander,* 566 F.2d 312, 314 (D.C.Cir.1977), *cert. denied,* 435 U.S. 995, 98 S.Ct. 1646, 56 L.Ed.2d 83 (1978); *Pauls v. Secretary of the Air Force,* 457 F.2d 294, 297 (1st Cir.1972) (military officers "have no constitutional right to be promoted or retained in service"); *cf. Board of Regents v. Roth,* 408 U.S. 564, 572–78, 92 S.Ct. 2701, 2706–09, 33 L.Ed.2d 548 (1972).

■ Absent the requisite constitutional underpinning to a claimed interest in a military promotion, the gravamen of appellant's complaint therefore is that the Air Force acted "arbitrarily and capriciously" with respect to his candidacy for promotion. But it is difficult to discern any action by the Air Force in this case that rises to the level of arbitrariness or caprice. Appellant alleges no mistake or omission pertaining *specifically* to him, as opposed to the entire class of officers in the promotion pool during FY 75. To the contrary, he attacks the Air Force's promotion policy for 1975 in the large, and only indirectly the effect of that overall policy on his own candidacy. Thus, appellant argues in effect that the division or splitting of the FY 75 selection board and the instructions provided to the board, which had the alleged effect of reducing the total number of promotion slots, was arbitrary and capricious. However, appellant cites no authority to support his sweeping proposition that an administrative decision to divide a selection board *in itself* constitutes arbitrary and capricious action.

Rather, appellant suggests that the Air Force implemented this approach in order to mislead Congress in the area of promotions procedure and policy. But military sensitivity to Congressional concerns over military promotions is entirely reasonable, so long as in seeking to respond to such legislative concerns the procedures utilized by the Air Force do not run afoul of a specific statutory or regulatory requirement. This appellant has not shown. To the contrary, as suggested above, appellant has failed to demonstrate any statutory or regulatory requirement which was not satisfied in his case.[4]

Similarly, the case authority relied upon by appellant is of no help. Those cases cited by appellant in which military personnel have prevailed[5] fall generally into two broad categories: *first,* those involving erroneous or otherwise defective personnel records, such as officer efficiency reports containing material errors or omissions, *see Yee v. United States,* 512 F.2d 1383, 206 Ct.Cl. 388 (1975), and *second,* those involving improperly constituted promotion boards, *see Horn v. United States,* 671 F.2d 1328 (Ct.Cl.1982).[6] These decisions differ markedly from the instant case in that they involve the contravention of a specific statute or regulation. In *Yee,* for example, the incompleteness of plaintiff's record was found to violate former 10 U.S.C. § 5706 (now 10 U.S.C. § 615 (1982)). In *Horn,* the composition of two Army promotions Standby Advisory Boards was held to violate Army regulations prohibiting overlapping membership on consecutive boards.

---

4. Several of the exhibits to Lt. Col. Blevins' complaint below contained references to AFR 36–89, an Air Force regulation which outlines the procedures followed in the temporary promotion of commissioned officers. J.A. at 31, 40, 73–74, 82. However, the language cited by appellant, which indicates that "promotions should be relatively stable and provide each year group of officers comparable opportunity," first appeared in the version of this regulation adopted on January 13, 1975, and thus was not in force in December 1973, when the FY 75 selection board met. The April 28, 1971 version of AFR 36–89 in force at that time contained no such language.

5. Several cases cited by appellant involved judicial denials of relief to the complainant-serviceman. *See, e.g., Koster v. United States,* 685 F.2d 407 (Ct.Cl.1982); *Grieg v. United States,* 640 F.2d 1261, 226 Ct.Cl. 258 (1981); *Nolen v. Rumsfeld,* 535 F.2d 888 (5th Cir.1976), *cert. denied,* 429 U.S. 1104, 97 S.Ct. 1133, 51 L.Ed.2d 556 (1977).

6. *See generally,* Ellis, *Judicial Review of Promotions in the Military,* 98 Mil.L.Rev. 129 (1982).

We have found no authority, nor has appellant cited any, to support the argument that the determination to select officers for promotions through splitting the selection board—even if the number of promotions proves to be lower than in prior years—is violative of any constitutional, statutory or regulatory requirement, or is otherwise arbitrary or capricious.

It is beyond the expertise, as well as the authority, of the judiciary to second-guess the military with respect to overall manpower needs and promotion policies or to pass judgment on military policy concerns, such as possible congressional antipathy to officer promotion practices. Lt. Col. Blevins' suit was, at bottom, a request for judicial oversight of military policy decisions with respect to the number of promotions to be made in a particular year. Inasmuch as, under *Orloff* and its progeny, the judiciary has not been tasked with serving as a military promotions policy review board, the request was properly denied by the District Court.[7]

*Affirmed.*

---

**7.** In light of our disposition of this case, it is unnecessary to consider the issues of *res judicata*, collateral estoppel and statute of limitations.