Andrew KIM, Plaintiff,

v.

Les BROWNLEE, Acting Secretary
of the Army Defendant.

No. CIV.A.02–649 RCL.

United States District Court,
District of Columbia.

Nov. 15, 2004.

Christopher Alexander Sterbenz, Vienna, VA, for Plaintiff.

David Michael Glass, U.S. Department of Justice, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

LAMBERTH, District Judge.

Plaintiff, an Asian–American male, was considered but passed over for promotion to the rank of Colonel by United States Army Reserve Officer Selection Boards in calendar years 1997, 1998, and 1999. After an unsuccessful appeal to the Army Board for Correction of Military Records, Plaintiff filed this suit against the defen-

dant, the Acting Secretary of the Army ("Army"), challenging his non-selection. Plaintiff argues that the composition of and equal opportunity instructions to the selection boards were based on unlawful racial and sexual classifications in violation of the Fifth Amendment to the Federal Constitution.

Now before the Court is defendant's motion to dismiss. After consideration of the parties' briefs, the applicable law, and the record in this case, defendant's motion is GRANTED IN PART and DENIED IN PART for the reasons stated herein.

## A. Plaintiff's Standing to Challenge the Army's Equal Opportunity Instructions

Plaintiff challenges the equal opportunity instructions that the Army gave to its selection boards from 1997–1999. The 1999 instructions—the Army has not yet disclosed its instructions to the 1997 and 1998 selection boards—are identical to instructions that this Court declared unconstitutional in 2002 when a Caucasian male challenged the actions of a similar promotion board. *See Saunders v. White*, 191 F.Supp.2d 95, 120 (D.D.C.2002). The 1999 instructions tell the board to consider numerical promotion goals for minority groups and women when making initial rankings of candidates and when determining whether to re-evaluate a certain group of candidates because to few of that particular group had been selected for promotion.

The Army urges that plaintiff, as an Asian male, lacks standing to complain about the selection boards' adherence to Army equal opportunity policies and its alleged discrimination against Caucasians and males. The Army points out that Asians and Pacific Islanders, as one category of racial minority, actually benefitted from the Army's equal opportunity instructions. In fact, each board considering plaintiff gave plaintiff's file an additional read. Plaintiff asserts standing based both on his status as a male and on a theory of third-party standing—that is, on a theory that plaintiff can make claims of discrimination on behalf of Caucasians even though he is Asian.

■ Plaintiff's assertion of third-party standing on behalf of Caucasians is untenable. Courts permit plaintiffs to assert the rights of third parties in the limited situations where the plaintiff himself has suffered an injury in fact, where the plaintiff has a close relation to the third party, and where there exists a hindrance to the third party acting to protect his own interests. *Powers v. Ohio*, 499 U.S. 400, 411, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). There is clearly no hindrance to Caucasians suing on their own behalf. This Court has had several cases in which Caucasians challenged the promotion practices of various Army selection boards. *See, e.g., Saunders*, 191 F.Supp.2d *passim*. While it is true that "any person, of whatever race, has the right to demand that any government actor subject to the Constitution justify any racial classification subjecting that person to unequal treatment", *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 224, 115 S.Ct. 2097, 132 L.Ed.2d 158 (1995), that person still must first meet the constitutional and prudential standing requirements of the federal courts.

■ Plaintiff's assertion of standing based on his status as a male, however, does have merit. The Army's equal opportunity policy separately promoted both minorities and women while separately injuring both Caucasians and men. To illustrate why an Asian male, a minority, has standing to assert the rights of men, consider the simplistic case where a selection board must consider an Asian male and an Asian woman. The Army policy would

lead a selection board to treat an Asian male and an Asian woman differently. Selecting an Asian male would help the Army reach one numerical goal, the goal for promotions of Asian and Pacific Islanders. Selecting an Asian female would help the Army reach two numerical goals, the goal for promotion of Asian and Pacific Islanders and the goal for promotion of women. Even if the woman were Caucasian, a somewhat more complex scenario, the Asian male would still be injured if, at the time, the Army policy and promotion statistics showed that promoting a woman would be more helpful to reaching the Army's goals than promoting an Asian, perhaps because other Asians under consideration had been promoted first. Based on this analysis, the Court concludes that plaintiff, as a male, has been sufficiently injured to permit standing.

## B. Plaintiff's Standing to Challenge the Selection Boards' Composition

█ The Army also urges that plaintiff, regardless of his race, lacks standing to challenge the racial or gender composition of selection boards. In a similar case, this Court held that an Army officer did not have standing to bring a facial challenge to selection board composition—because there was no likelihood that a selection board's composition caused the officer's non-selection—but held that the officer nonetheless could raise an as-applied challenge. *Sirmans v. Caldera*, 138 F.Supp.2d 14, 17–18 (D.D.C.2001). This Court was unwilling to accept that the placement of a racial minority or woman on such a board would unavoidably alter the collective decisions of that board. *Id.* To accept this, would be to accept two presumptions: "First, that all women and non-whites have

an inherent and unavoidable disposition to favor their own race and gender. And second, that all promotion decisions by selection boards are controlled by the voting habits of a few women and non-whites." *Id.* The Court found these two presumptions false and antagonistic to case law, and dismissed the officer's facial challenge. *Id.* at 17–18. However, the Court recognized the validity, though improbability, of an as-applied challenge:

> Of course, there exists the possibility (though it is a slight one for sure) that a particular woman or minority, possessed of both class narcissism and Machiavellian powers of persuasion, could pull off a coup of racial or gender discrimination against a particular applicant.

For the reasons set forth in *Sirmans* just three years ago, this Court holds that plaintiff does not have standing to facially challenge the selection boards' composition in this case, but that plaintiff may pursue an as-applied challenge should sufficient evidence come to light.[1]

## C. Plaintiff's Due Process Claim

█ Plaintiff alleges that the Army violated his Fifth Amendment constitutional right to both due process of the law and equal protection of the law. The Fifth Amendment guarantees that no person shall be "deprived of life, liberty, or property, without due process of law." *U.S. Const.* Amend. V. The Fifth Amendment's Due Process Clause makes the Fourteenth Amendment's guarantee of equal protection applicable to federal entities, not just the state entities mentioned explicitly in the Fourteenth Amendment's text. *See Adarand*, 515 U.S. at 204, 115

---

1. Despite *Sirmans*, the Army would have the Court dismiss as-applied challenges at this early stage in the litigation based on lack of standing. The Court will not oblige. Facts are still undetermined. If the Court held oth-

erwise, it "would effectively be deciding the merits under the guise of determining the plaintiff's standing." *Info. Handling Servs., Inc. v. Def. Automated Printing*, 338 F.3d 1024, 1030 (D.C.Cir.2003).

S.Ct. 2097; *Bolling v. Sharpe,* 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954).

■ Insofar as plaintiff's equal protection challenge depends on the Fifth Amendment's Due Process Clause, plaintiff's challenge cannot be dismissed. However, the Court holds that plaintiff cannot maintain a so-called "procedural" due process claim challenging the absence or level of process given to plaintiff during consideration of his promotion. First, it does not appear from the Complaint that plaintiff makes such a challenge. Moreover, our Circuit Court makes it "clear that military promotion decisions *simpliciter* are not susceptible to due process challenges, inasmuch as there exists no property or liberty interest in a military promotion through the selection boards." *Blevins v. Orr,* 721 F.2d 1419, 1421–21 (D.C.Cir.1983).

## D. Remedy Available

At this stage of the litigation, the parties' disputes over whether the plaintiff requests a court-ordered promotion and whether the Court can issue such an order are not ripe for decision.

## E. Conclusion

For the foregoing reasons, plaintiff's facial challenge to the composition of the selection boards and plaintiff's procedural due process claim, insofar as plaintiff stated one in its complaint, are DISMISSED. Plaintiff's other claims may go forward.